## TYRECO REFINING CO. v. COOK.
### No. 5146.

Court of Civil Appeals of Texas.
Texarkana.

Oct. 12, 1937.

Rehearing Denied Oct. 28, 1937.

Darden, Burleson & Wilson, of Waco, and Pollard & Lawrence, of Tyler, for appellant.

Lasseter, Simpson, Spruiell & Lowry and Nat Gentry, Jr., all of Tyler, and Kyle Vick and Aubrey Morris, both of Waco, for appellee.

WILLIAMS, Justice.

In this action for damages against the appellant Tyreco Refining Company, and R. T. Sullivan and J. R. Knight, a.partnership operating under the trade name of Waco Oil Company, the appellee, Cook, plaintiff below, alleged a cause of general negligence, and pleaded in the alternative specific acts of negligence against the refining company. He also pleaded specific acts of negligence against the Waco Oil Company. Appellant refining company answered with a general demurrer, special exceptions, general denial, and pleaded that plaintiff was guilty of contributory negligence in failing to keep proper lookout and approaching and remaining close to the place where the truck was being filled; and by cross-action over and against the Waco Oil Company pleaded specific acts of one McNair as being a proximate, the sole proximate, and a new and independent

cause of the injuries to appellee. The pleadings of appellee as to Waco Oil Company and the cross-action of appellant were grounded upon the allegation that McNair negligently struck a match and this caused the explosion.

Appellee alleged a case of general negligence under the res ipsa loquitur doctrine against the refinery; that the transfer of the gasoline and the property and premises were under the exclusive management and control of the refinery; that the igniting of the gasoline vapors and explosion thereof was not such a consequence as in an ordinary course of things happens, or would have happened if the refinery had used due and proper care; that the igniting of the gasoline and fumes, and the explosion thereof, was caused solely and only by and through the carelessness and negligence of the refinery, which caused and permitted said gasoline, vapors, and fumes to ignite and explode. He further alleged that he did not know, and therefore could not allege, the exact act of negligence on the part of the refinery which caused said explosion to occur; that the reason and cause for the explosion was peculiarly within the knowledge of the refinery, and was not within his knowledge.

Appellee pleaded in the alternative that said gasoline at the time it was being loaded into McNair's truck was at a high and dangerous temperature; that gasoline fumes and vapors rapidly collected around appellee on the premises of appellant, as a result of the negligence of appellant in permitting and causing gasoline of a high and dangerous temperature to be loaded into the truck at said refinery; that the explosion occurred by reason of some spark or flame coming in contact with these fumes and vapors, the exact agency which produced said spark or flame being unknown to appellee; that under all the facts and circumstances alleged in the petition, appellant should have anticipated that same would ignite or explode if permitted to collect and gather and appellant was negligent in permitting said situation to occur and injure the appellee.

The refinery contends that there was no evidence of general or specific negligence on its part which proximately caused the injuries; and no evidence to support the jury findings on special issues Nos. 2, 3, 4, 6, and 7.

To No. 2, the jury answered from a preponderance of the evidence that the ex- plosion and fire on the occasion in question were caused by the refinery; to No. 3, that the causing of said explosion and fire by the refinery was negligence; to No. 4, that it was a proximate cause of the injuries; to No. 5, that the refinery permitted gasoline fumes and vapors to collect at the time and place in question; to No. 6, that permitting same to collect at the time and on the occasion in question by the refinery was negligence; and to No. 7, it was a proximate cause of the injury.

This suit grows out of the ignition and explosion of gasoline, gasoline fumes, and vapors which occurred around 5:00 p. m. on a day in January upon premises owned and under the management of appellant. Appellee and one W. A. McNair, employees of the Waco Oil Company, each in charge of an oil truck, were upon these premises to obtain petroleum products. McNair had driven his truck under the loading rack and killed the motor. The McNair truck was being loaded with gasoline with Jack Hines, an employee of appellant, on top of this truck in charge of the hose and connections directing and making a transfer of gasoline from the storage tank into this truck. McNair with a woman companion was seated in the cab engaged in conversation with each other and with appellee who had walked over to the McNair truck. Cook's truck had been filled and he had parked it nearby and was waiting for the McNair truck to be loaded. Other trucks were upon the premises waiting to be loaded. This was the situation when the ignition and explosion occurred in and about the McNair truck and which burned and threw appellee and Hines in opposite directions. From the testimony and all the physical facts, this ignition and explosion occurred immediately in and about the McNair truck which was near the loading rack and upon appellant's premises.

Appellee testified that the gasoline being transferred into this truck was awfully hot; that it was awfully hot because of the great amount of fumes which was rising from it; that when he placed his hand on the side of the truck it felt as hot as body temperature; that the gas was coming by jerks or heads with air in it, and that air in gasoline would have a tendency to cause vapor to rise more and throw gasoline vapors out of the tank; that the gasoline looked milky because of the amount of air in it. McNair corroborates this testimony to some extent, in that he noticed lots of vapors and fumes around the tank.

Cook, being there on a business errand, was lawfully upon the premises of appellant. Appellee did not have a hand nor a voice in the operations then going on. McNair was seated in his cab and was not exercising any management in the transfer of this gasoline into the truck. Hines, the servant and employee of appellant, alone was conducting and managing the transfer of this gasoline. The evidence is silent as to what thing caused the spark or flame.

The testimony is clear that over a long period of months loading many trucks each day an explosion had not occurred, and that this explosion was such as in the ordinary course of things does not happen.

It is well settled that if the thing which causes the injury complained of is shown to be under the management or control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care, and it is true that the application of this doctrine, known as res ipsa loquitur, does not apply unless it be shown that the negligent cause or thing which produced the injury was under the exclusive control or management of the defendant, its servants, agents, and employees. 30 T.J. p. 803.

When appellee introduced evidence sufficient to warrant the jury in finding that the operation of the refinery and the loading of this truck was under the management of defendant, and the explosion of this gasoline, vapors, and fumes was such as in the ordinary course of things does not happen, if those who have the control and management of same use proper care, it developed upon appellant to so explain the occurrence of the explosion as to remove the presumption of its negligence, which arose from its happening.

This appellant undertook to do by the testimony of all its employees who were about the premises at the time of the explosion that neither of them did anything to cause the spark or flame; that the gasoline was being transferred by gravity flow from the storage tank into the truck without use of any motor; that the most approved safety hose and connections were being used; that such equipment was spark-proof; that there is no method known to the oil fraternity by which gasoline can be transferred from a storage tank into a tank, or from an earthen tank into an automobile without fumes and vapors escaping from the gasoline; and that they did not know the cause of this spark or flame; that gasoline vapors and fumes will not explode without a spark or flame. Appellant's witnesses denied that the gasoline was exceptionally hot or had lots of air in it.

Appellant contends that a spark or flame was the proximate cause of these injuries; that the evidence fails to sustain the allegations that it had the exclusive custody or control of this spark or flame, and therefore the application of res ipsa loquitur is not applicable; and as a matter of law appellee is not entitled to recover against it. And in support of this contention we are cited to the decisions in Gulf C. & S. F. Ry. Co. v. Davis (Tex.Civ.App.) 161 S.W. 932; Davis v. Castile (Tex.Com.App.) 257 S.W. 870; Tex. & Pac. Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3; Pronnecke v. Westliche Post Pub. Co., 220 Mo.App. 640, 291 S.W. 139; Carter Oil Co. v. Independent Torpedo Co., 107 Okl. 209, 232 P. 419; Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S.W.2d 777, 78 A.L.R. 722.

Applicable to the foregoing authorities, we quote from 45 C.J. p. 1200, approved in Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659, the following: "The doctrine of res ipsa loquitur, now a familiar rule of practice in the trial of negligence cases, which is frequently recognized and applied without specifically naming it, is not a rigid or arbitrary formula, but a rule that adjusts itself to circumstances. However, as it is not the naked injury but the manner and attending circumstances of the accident that justify the application of the doctrine in an action for the negligent breach of an ordinary duty, it follows, as a matter of course, that the applicability of the doctrine must depend upon the peculiar facts and circumstances of each individual case."

We are of the opinion that all the facts and circumstances under this record authorized the trial court to submit to the jury for their determination the issue of both general and special negligence. Gulf C. & S. F. Ry. Co. v. Dunman (Tex.Com. App.) 27 S.W.2d 116, 118, 72 L.R.A. 90, and other authorities cited therein, are decisive of this proposition.

Justice Sharp in Gulf C. & S. F. Ry. Co. v. Dunman, supra, quotes with approval from Sweeney v. Erving, 228 U.S. 233, 33

S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905. In discussing the facts and record in that case which are analogous to the records in the instant case, the definition of the rule of res ipsa loquitur is given as follows: "In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ispa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff. Such, we think, is the view generally taken of the matter in well-considered judicial opinions." See, also, McCray v. Galveston H. & S. A. Ry. Co., 89 Tex. 168, 34 S.W. 95; Ft. Worth & D. C. Ry. Co. v. Stalcup (Tex.Civ.App.) 167 S.W. 279; Houston Gas & Fuel Co. v. Perry (Tex.Civ.App.) 55 S.W.2d 901; Texas Cities Gas Co. v. Ellis (Tex.Civ.App.) 63 S.W.2d 717; Guilford v. Foster & Davis, 131 Okl. 148, 268 P. 299; Okl. Nat. Gas Co. v. Jopling, 121 Okl. 10, 247 P. 69; 45 Cor. Jur. p. 1223; 12 R.C.L. p. 92.

Appellant contends that the trial court erred in excluding the testimony of Grady Marchman and Dean Allen that after the explosion and before the fire had been completely extinguished they heard a bystander, C. E. Bain, say, "McNair struck a match," for the reason that said statement was res gestæ of the transaction in question and admissible in evidence.

In determining whether evidence is admissible under the rule, each case must be tested by its own peculiar facts, and decision in other cases cannot be made guides except in their expressions of general and fundamental rules governing this doctrine. 17 Tex.Jur. p. 615.

At the time of the explosion, the truck, loading rack, and grasses caught fire. Those nearby immediately engaged in moving the truck away from the loading rack, in stamping out the fires, and removing the injured parties. Marchman, who was about 300 feet away, and Dean, who was about 50 feet distant, upon hearing the report of the explosion turned and ran to the scene and assisted in putting out the fires. The fires were practically out, according to the testimony of Marchman, when he inquired from a group of men standing near the truck how the fire started. Bain answered from this group that: "McNair struck a match." Appellee testified that he knew Bain, who lived in Waco, Tex., and placed Bain with other truck drivers standing on the loading-rack platform near the Mc-Nair truck just shortly before the explosion. This alleged remark was made by this bystander who was on the scene at the time of the accident; made at the scene within about five minutes after the explosion and under such confusion and excitement which excludes any idea of premeditation; and in our judgment was admissible as a part of the res gestæ. 17 Tex.Jur. p. 620.

What caused this spark was a material inquiry. Appellant had pleaded that McNair had negligently struck a match, and this act was a new and independent cause and the sole proximate cause of the accident. If the jury had found this alleged act of McNair to be the sole proximate cause, such finding would relieve appellant from liability.

It is clear from this record that the "thing" which caused this explosion originated around McNair's truck. McNair and his woman companion testified they used cigarettes; had smoked off and on in coming up on the trip from Waco; had been on the premises some two or three hours; had not smoked on the premises and had not struck a match. Marchman testified that the woman was smoking a cigarette after the explosion. This she denied. The jury answered that McNair did not strike a match. And in the charge, they were instructed, in the event they so found, they need not answer the issues if said act was a proximate cause or the sole proximate cause. But as stated in Dixie Motor Coach Corp. v. Galvan, 126 Tex. 109, 86 S. W.2d 633, 634, opinion adopted by the Supreme Court: "The question of the right of a defendant to have an affirmative defense submitted must not be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found if the issue had been submitted to them." We are of the opinion that this testimony should have gone to the jury; that the same is material upon the issue

of sole proximate cause. We are forced to the conclusion that the exclusion of this evidence before the jury for them to weigh in passing upon the issues of proximate cause, and sole proximate cause, was prejudicial to such an extent as to require a reversal of this cause.

We do not deem it necessary to discuss other propositions advanced.

For the error indicated, this cause is reversed and remanded as to all parties.