## MULBERG v. MASON & DIXON LINES, Inc., et al.

### No. 28, Docket 20271.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1946.

Irving C. Rosenkrantz, of New York City (Samual A. Bloom, of New York City, of counsel), for appellant.

John J. O'Connor, of New York City (William B. Shelton and Vincent F. O'Rourke, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This case is the sequel of a motor accident which caused the death of the plaintiff's intestate and the destruction of his Dodge sedan when it collided with the defendant's tractor-trailer truck on Route No. 11, near Lexington, Virginia on January 15, 1944. Federal jurisdiction rests on diverse citizenship. The issues of negligence and contributory negligence were submitted to a jury and its verdict was for the defendant. The sole issue presented by the appeal is whether the trial court erred in refusing to give requested instructions on the "last clear chance" doctrine.

The only eye-witness to the accident was Edward C. Harris, the driver of the defendant's tractor-trailer, who was named as a defendant but not served with process. His testimony may be summarized as follows: He was driving south on Route No. 11 and sighted the Mulberg car northbound as the vehicles were approaching opposite ends of a bridge over Buffalo Creek, a few miles south of Lexington, Virginia. Route No. 11 was a three-lane highway of asphalt surface except on the bridge, the floor of which was concrete. The weather was rainy and cold and ice was forming, which made the roadway skiddy and particularly so on the concrete surface of bridges. The time of the accident was between six and seven o'clock in the morning, and it was still dark. Harris was 400 or 500 feet north of the north end of the

bridge when he first saw the lights of the Mulberg car. The distance between the vehicles he estimated to be between 1,000 and 1,200 feet and the Mulberg car appeared to be approaching at a "high rate of speed" and to be in its own right-hand lane. In his deposition, which the plaintiff read in evidence, Harris put its speed at 60 miles an hour. His own vehicle was proceeding at 35 miles an hour and was in the right-hand lane for southbound vehicles. No danger of collision was apparent until the Mulberg car began to skid when it reached the bridge. At this time the tractor-trailer was 100 to 150 feet north of the bridge. Harris says he applied his brakes to reduce his speed as much as possible without producing a skid, and drew over to the right until the wheels of his truck were two feet over on the shoulder of the roadway, which was as far as he could safely go. The Mulberg car continued to skid all the way across the bridge, which was 175 feet in length, and continued on until its left side collided with the front of the tractor at a point about 50 feet north of the bridge. The collision caused an explosion in the Mulberg car and threw flaming gasoline over the front of the tractor. When the vehicles came to rest both were in the east lane, the automobile about 60 feet from the north end of the bridge and the tractor on the bridge some 50 feet south of its north end. Somewhat more than 100 feet from the northerly end of the bridge there was a narrow, sloping road which met the highway tangentially. It is the appellant's contention that the accident might have been avoided had the truck been driven into this road. Harris, however, testified that the truck would certainly have turned over had he attempted to do so; and the state police officer, who viewed the scene of the accident shortly after it occurred, described the road as a forest road used to haul wood out of somebody's private land, and only wide enough for one automobile.

The last clear chance principle means that a defendant who find himself confronted with a dangerous situation created by the plaintiff's negligence must use such care as is open to him to avoid injuring the plaintiff; and it presupposes that he acquired knowledge of the danger in time to have avoided the accident by the exercise of reasonable care. Am.L.Inst.Torts, § 479; Jerrell v. New York Cent. R. Co., 2 Cir., 68 F.2d 856, 857, cert. den. Id., 292 U. S. 646, 54 S.Ct. 780, 78 L.Ed. 1497; Sprinkle v. Davis, 4 Cir., 111 F.2d 925, 928, 128 A.L.R. 1101; Schoen v. Western Union Telegraph Co., 5 Cir., 135 F.2d 967, 968; Dean v. Century Motors, App.D.C., 154 F.2d 201, 202; Hutcheson v. Misenheimer, 169 Va. 511, 194 S.E. 665, 667. The inapplicability of the doctrine to the facts of the case at bar appears to us to be obvious. No danger of collision was apparent to the truck driver until the Mulberg car began to skid when it entered the south end of the bridge. From that point to the point of impact the automobile traversed about 225 feet, while the truck was covering, according to Harris' testimony, about 100 feet, as he says his truck was about 150 feet north of the bridge when the automobile started to skid. While the jury was not bound to accept the testimony as to the precise location of the respective vehicles or their rates of speed—60 miles an hour for the automobile and 35 for the truck—it could not construct a situation out of whole cloth; and we think it plain not only from the testimony of Harris but also from the violence of the impact and the locations of the vehicles when they came to rest that the jury would have had to find that the aggregate of their speeds was at least 60 miles an hour. Hence they were approaching at more than 100 feet a second, and Harris had only about three seconds in which to act after the time for action arrived. Consequently it would have been erroneous to let the jury conjecture that he could have avoided the accident by exercising reasonable care after he became aware of the danger. Only two courses are suggested as open to him: one, that he should have applied his brakes harder; the other, that he should have run into the wood road to his right. It is plain that regardless of any danger to the truck from jamming on the brakes on a slippery road, the automobile was wholly out of control and would have collided with it anyway so long as the truck remained in the right-hand lane. As to the wood road, the plaintiff

did not prove how far from the north end of the bridge it was possible to turn into it. Moreover, it would have been reckless in the extreme to turn this huge truck into a narrow, sloping wood road, even if the plaintiff had shown that after the automobile began to skid there was still an opportunity to do so. The trial judge did not err in refusing the requested instructions.

Judgment affirmed.