## GULF REFINING CO. et al. v. DELAVAN et al.

### No. 14188.

United States Court of Appeals, Fifth Circuit.

April 13, 1953.

Rehearing Denied May 15, 1953.

W. B. Edwards and David W. Stephens, Ft. Worth, Tex., George W. Dupree, Lubbock, Tex. (Archie D. Gray, Houston, Tex., of counsel), for appellants.

E. L. Klett, Lubbock, Tex., Klett, Bean & Evans, Lubbock, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for damages to a pumping unit consisting of oil storage tanks and loading facilities caused by a fire occurring while a truck belonging to defendants was loading oil from a tank battery located on the J. W. Young lease, Kent County, Texas.

The petition alleged: specific negligent acts of the driver and operator of the truck; specific negligent acts of its owner, and also general negligence in respect of which plaintiff invoked the doctrine of *res ipsa loquitur.*

In their answer, the defendants denied each and all of the allegations of negligence and, by affirmative defense, alleged that all of the facilities were operated or provided by plaintiffs and intervenors and under their control and possession, and that if

there was any negligence it was the negligence of persons other than the defendants or those for whose acts the defendants were responsible. They likewise by cross action sought a recovery for the damage to their truck.

Tried to a jury on the issues thus joined, there was a full trial and, at the conclusion of all the evidence, the defendants moved for a directed verdict.[1]

The district judge, of the opinion that the motion was well taken, directed a verdict for the defendants and against plaintiff and intervenor on their suit, and against defendants on their cross bill.

Appealing from the judgment on that verdict, plaintiff and intervenor are here insisting that whether viewed from the standpoint of general negligence and the application of the doctrine of *res ipsa loquitur* or from the standpoint of the specific allegations of negligence, they made out a case for a jury verdict and it was error to instruct a verdict against them.

Urging upon us that the identical questions under identical facts were considered in Tyreco Refining Co. v. Cook, Tex.Civ. App., 110 S.W.2d 219, 221, and that there, under a pleading of *res ipsa loquitur,* the court, upon proof that the loading operations were under the management of the defendants, owners and operators of the refinery, held that a case was made out for a jury verdict, they insist that upon the authority of that case and others cited by them, it was error to instruct a verdict.

They further urge upon us that the testimony of the truck driver that he closed the hatch of the tank truck with his foot, makes out a case for submission to the jury upon whether this method of closing the hatch was negligent and whether it thereby caused a spark or friction which ignited the fire, made an issue for the jury upon the specific allegations of negligence.

Finally, they urge that the case should be reversed because of the rulings of the district judge in excluding from evidence as part of the *res gestae,* statements, made by the truck driver shortly after the fire, with respect to his having closed the hatch cover by kicking it with his foot, and that just as soon as he kicked the hatch the blaze started.

Appellees counter all of these positions: As to the plea of *res ipsa,* they urge upon us that the very case on which appellants rely, Tyreco v. Cook, holds flatly, "It is true that the application of this doctrine, known as *res ipsa loquitur,* does not apply unless it be shown that the negligent cause or thing which produced the injury was under the exclusive control or management of the defendant, its servants, agents, and employees", 30 Tex.Jur., p. 803.

They call attention to the facts of record: that the tanks and the loading equipment were not in the possession or control of the defendants but of those whose claims plaintiff and intervener had acquired by assignment; and that the evidence wholly fails to show that the fire was caused by those

---

1. The substance of this motion was: that the plaintiffs had wholly failed to produce any competent evidence sufficient to go to the jury in the way of showing that the defendants were guilty of any actionable negligence or wrong that was the probable, direct, or proximate cause of the explosion or fire that resulted; that, on the contrary, the evidence offered by plaintiffs and defendants conclusively shows that there was not any negligence on the part of defendants' truck driver, none to show that he was incompetent or that he did not operate and undertake to fill the truck tank in accordance with the usual method of operating and filling such tanks and that on the contrary the undisputed evidence shows that the truck tank was operated and filled in accordance with the customary manner followed in the oil fields of West Texas.

As to the claim that plaintiffs were entitled to go to the jury under the res ipsa loquitur doctrine, the motion alleged that there is nothing to show that the instrumentalities that may have caused or contributed to the accident were exclusively under the control of the defendants so as to make applicable the res ipsa loquitur theory, especially since there is undisputed evidence that the explosion and fire may reasonably have resulted from conditions in the tank, particularly pipes and other equipment for which the defendants were not in any manner responsible.

portions of the instrumentalities in the possession and control of the defendants.

Countering the claim that the evidence, that the driver closed the hatch of the tank with his foot, is sufficient to permit the case to go to the jury, plaintiffs call attention to the undisputed evidence that the fittings of hatch cover and tank were not spark forming and that contact between them would not cause sparks, they point also to the evidence that the method and manner in which the driver closed the hatch was customary and usual and to the fact that there was no testimony to the contrary.

Finally, they point to the complete lack of evidence from which could have been reasonably determined either what caused the fire, or that its cause was something untoward, unusual, or of negligent character, occurring in connection with the truck owned by and in charge of defendant.

As to the objections to the exclusion of Miles' statement as to how he closed the hatch, they point to the record showing that Miles himself testified that he did close it by using his foot and further insist that the testimony of the admission or statements made by the driver was admitted by the court both in impeachment of the driver's evidence and in effect as independent evidence.

Based upon all of these contentions, they urge upon us that the verdict was rightly instructed.

We agree with appellees. The rule as to *res gestae* as stated in the Tyreco case is the general rule and ordinarily the doctrine of *res ipsa loquitur* presupposes that the defendant has exclusive control of the instrumentalities or thing causing the damage, 38 Am.Jur., Negligence, 295. It is also true, however, that there are cases holding, and perhaps the tendency of the modern view outside of Texas is, that it is not essential that all of the instrumentalities be in the exclusive control of the defendant. It is sufficient if some of them are in his control and there is evidence from which it may be more reasonably inferred that the injury occurred from this source than from some other.

Even under this extension of the rule, it yet remains true, however, that the mere occurrence of an injury does not give rise to the rule of *res ipsa*. The evidence as a whole must reasonably support the inference that the thing in the control of the defendant rather than something else was the cause of the injury and it is only when this situation exists that the defendant is required to offer rebutting evidence and the case is one for a jury.

We do not think that the evidence in this case brings it within the rule of *res ipsa* either under the Texas doctrine as stated in the Tyreco case or under the general doctrine.

In addition to its claim that *res ipsa* does not arise on the evidence, appellee makes the claim that under Texas law the doctrine may not be resorted to where special acts of negligence are pleaded.

That position is, however, not well taken. While it is true that this was at one time held to be the law in Texas, the contrary is now held where in addition to pleading specific acts of negligence, notice is given that plaintiff will also rely on general negligence, Honea v. Coca Cola, 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445.

On appellants' second point, that there was evidence of specific acts of negligence which should take the case to the jury, the evidence of the driver of the car that he closed the hatch with his foot, we agree with appellee that this evidence proved nothing more than that the driver of the car did as was customarily done, and that in view of the undisputed testimony as to the non sparking character of the equipment and the nonabrasive nature of the driver's shoes, this evidence made out no case for the jury.

Finally, we think appellees are right in their claim that no reversible error occurred in connection with the testimony as to statements made by the driver of the car shortly after the fire. This is so because, since the case did not go to the jury, there is no question of the effect on the jury of the rulings but only whether or not the testimony was in fact limited and

whether, if it had been admitted without limit it would have changed the result in law. It is clear that it was not so limited as in any way to prevent the matter being fully part of the record for our consideration here. Treating it as in and as part of the *res gestae,* it is quite plain from the testimony of the witnesses mainly relied on that there is no conflict whatever between what the driver of the truck testified to and what the witness Parrott said that he told him. When his testimony was originally offered, Parrott stated: "Well, they told me about the fire and Miles told me what he thought caused it."

Q. "Just attempt to recall just exactly as closely as you can what was said to you at that time by Mr. Miles concerning this finding."

and at that time the court sustained an objection that the statement was not part of the *res gestae.* Later, after Miles, the driver, had testified, the court admitted the testimony of the witness Parrott as follows:

"Mr. Miles told me that in loading the truck the night before or the early part of the morning that when the truck had gotten almost full he was standing up watching it through the gauge hatch to tell when it did get full; and just as it was about to get ready, a certain place in there that he generally closed it off, he just kicked the hatch to and started, he said, to get off the truck and go close the tank off, and he said at that time he didn't know whether he jumped off or was blowed off, but just as soon as he kicked the hatch the blaze started."

On cross examination, the witness testified:

"Q. You didn't go into any details with him about what he meant by the word 'kick' as you understood him using it? A. The word 'kick' in that instance is just, it don't just mean draw back and kick it; but they just take it and shove it to with their foot instead of with their hand."

"Q. In other words, if he says in his deposition, 'I just lifted it with my toe and let it fall shut', would that more or less correspond with what you meant? A. That's right."

Considering the undisputed testimony of the kind of boots the driver wore, oil field boots, soft without metal in them, and the undisputed testimony as to the non-sparking character of the material used in the hatch cover, we think that if the cause had been submitted to the jury it would have been upon mere speculation and conjecture.

As to the Tyreco case, it seems to us that the facts found are just the opposite of those here. There the company which owned and was in charge of the installation was held responsible for the fire. Here it is sought by those who owned the installation to hold responsible for the occurrence a trucker who had come to use, and who had no charge whatever of, the premises but only of the truck and the connection which he was using.

The judgment was right. It is
Affirmed.

On Petition for Rehearing.

PER CURIAM.

It is Ordered that the petition for rehearing in the above entitled and numbered cause be, and it is hereby Denied.

RIVES, Circuit Judge.
I dissent.

RIVES, Circuit Judge (dissenting).

Upon reconsideration, I am convinced that the case should have been submitted to the jury under the doctrine of *res ipsa loquitur* as it prevails in Texas. The truck driver testified that when the fire first started it seemed to be coming from between the truck and the storage tank and was burning on the top and side of the truck. The photographic exhibits tend to the same effect, showing the truck badly damaged by fire and the fire at that point then extinguished but raging at two of the tanks with the third tank not yet on fire. There was evidence that the truck driver stated immediately after the fire that, "Just as soon as he kicked the hatch the blaze started". Admittedly the truck and the

truck driver were under the control of the defendants. The jury, I think, would have been warranted in finding that the fire originated from something done in the loading operations, and that either the defendants' truck or their truck driver was the "thing" that caused the injury. If the jury so believed, then, under the doctrine of *res ipsa loquitur* as applied in the Texas courts, Tyreco Refining Co. v. Cook, Tex. Civ.App., 110 S.W.2d 219, 220, 222, it was authorized, but not compelled, to find the defendants guilty of actionable negligence.

I, therefore, respectfully dissent.