Dewey THOMASON, Appellant,

v.

W. B. ULMER, Appellee.

No. 15569.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 3, 1954.

H. L. Adkison, Dallas, for appellant.

Leachman, Matthews & Gardere, Fred T. Porter, and Henry D. Akin, Dallas, for appellee.

RENFRO, Justice.

Suit was brought by appellant Dewey Thomason against appellee W. B. Ulmer for damages for personal injuries resulting from an automobile accident. Appellant alleged the automobile in which he was a

passenger was struck from the rear by an automobile driven by appellee.

Forty-two special issues were submitted to the jury. The jury acquitted the defendant of any act of negligence, and found that certain acts and omissions on the part of the driver of the car in which plaintiff was a passenger constituted negligence and were the proximate cause of the collision. The jury further found that plaintiff was not injured on the occasion in question.

■ The appeal is before us without a statement·of facts. We must presume the evidence supports the findings of the jury.

■ Appellant's first four points of error are based on the action of the trial court in sustaining an exception to the phrase, "in violation of Article 6701d Section 61(a) of the Revised Civil Statutes of Texas," appearing in section (c) of paragraph III of the appellant's amended petition; and the phrase, "in violation of Article 827a Section 8 of the Penal Code," appearing in section (g) of paragraph III of appellant's amended petition; and in refusing to allow him to substitute, for the above quoted words, "in violation of the law."

One of appellee's exceptions to the above quoted statutes was that the allegation preceding the references to the statutes did not allege or set forth facts showing a violation of said statutes.

Article 6701d, Sec. 61(a), Vernon's Ann. Civ.St., reads as follows: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

The plaintiff's petition did not allege the speed of the defendant's car or the traffic conditions upon the highway at the time. While it was not necessary for the plaintiff to plead the statute in haec verba, it was necessary for him, in the face of the exceptions, to plead the particulars in which it was claimed that defendant had violated the statute. The pleading was no more than a mere conclusion that the defendant was

operating his car in violation of the cited statute. The attempt to substitute "in violation of the law" for "in violation of Article 6701d Section 61(a)" did not supply the missing details.

In paragraph III, section (g), the plaintiff plead that the defendant was driving his automobile at a rate of speed greater than an ordinary prudent person would have driven the car under the same or similar circumstances, in violation of Article 827a, Section 8 of Vernon's Penal Code of Texas.

The above Penal Code is composed of eight paragraphs. The plaintiff failed to plead in what particulars the cited Penal Code had been violated.

The trial court did not deny the plaintiff the right to supply the missing particulars by amendment. The only portion of his pleading stricken was "in violation of Article 6701d Section 61(a)" and "in violation of Article 827a Section 8 of the Penal Code of Texas". Plaintiff was not restricted in introducing evidence. The issue as to whether or not the defendant followed the plaintiff more closely than was reasonable and prudent was submitted to the jury just as it would have been had the exception not been sustained. The plaintiff apparently was satisfied with the issue as submitted for he made no objection thereto; nor did he except to the issue submitted inquiring whether defendant operated his automobile at an excessive rate of speed.

The appellant was not deprived of developing his case fully. The rulings of which complaint is made did not restrict his right to introduce evidence and did not deprive him of the submission of any pertinent issues to the jury.

The points of error are overruled.

■■ The appellant contends it was error for the court to sustain an objection to that portion of his petition wherein he alleged he had a life expectancy of thirty years. His life expectancy was a matter of proof and he was not required to plead it. Universal Life & Accident Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405. More-

over, the jury found he was not injured, so his life expectancy is not material to this appeal.

■■ Issue No. 25 inquired if the injuries, if any, were sustained on February 8th, the date of the collision in question, instead of on February 3rd.

The defendant denied that plaintiff was injured on the 8th, the occasion in question. Plaintiff objected to the issue because not supported by defendant's pleadings.

In order to recover, the plaintiff had the burden of proving that he was injured on February 8th. Issue No. 25 was his issue, not defendant's. Plaintiff further objected that "it is therefore a comment upon the evidence which infers that the injuries or one or other of the accidents were the cause of the disability and damages which the plaintiff sought." In the absence of a statement of facts, we must assume the evidence showed plaintiff to have been involved in separate accidents on February 3rd and February 8th. While we do not approve the form of the issue, it was good as against the objections made.

After pleading eleven alleged specific acts of negligence on the part of defendant, the plaintiff pleaded in the alternative that if it should appear defendant was not negligent in any particulars as alleged, he would rely upon the doctrine of res ipsa loquitur. The plaintiff's pleadings show that the alleged injury occurred as a result of a collision between two moving automobiles on a state highway.

■■ In order to invoke the rule of res ipsa loquitur, it is necessary to show that the thing which caused the injury must be under the management or control of the defendant, and the accident must be such as in the ordinary course of things does not happen if those who have the management or control use proper care. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445. Obviously, the defendant had no control or management over the automobile

in which plaintiff was riding. The rule does not apply where either the defendant's negligence or that of another might have caused the injury. It was not error for the court to refuse plaintiff the right to invoke the rule.

The judgment of the trial court is affirmed.