Clyde E. BRAY et al., Appellants,

v.

TEXAS MERCANTILE, Inc., Appellee.

No. 6498.

Court of Civil Appeals of Texas.

Amarillo.

May 2, 1955.

Rehearing Denied June 13, 1955.

Singleton & Trulove, Amarillo, Black & Stayton, Austin, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Monning & Monning, Amarillo, for appellee.

MARTIN, Justice.

Appellee, Texas Mercantile, Inc., as a tenant, occupied a building destroyed by fire of undetermined origin. The fire spread into the adjoining building owned by Clyde E. Bray and occupied by Bray and his tenants. Bray, his tenants and certain insurance companies are appellants herein.

The appellants pleaded that appellee was guilty of nine separate acts of negligence. An issue as to each act of negligence pleaded was duly submitted to the jury by the trial court. In addition to these issues as to the alleged negligence of appellee, issues were submitted as to whether the appellant, Bray "failed to construct a substantial fire wall between the Bray Building and the Texas Mercantile warehouse building". All of the issues submitted as to the alleged negligence of the appellee herein as well as to the negligence of Bray were answered favorably to the appellee. Upon the jury verdict, the trial court rendered judgment for the appellee and appellant perfected an appeal and assigns ten points of error. The points will not be detailed herein as to do so would unnecessarily lengthen this opinion. The issues will be discussed and ruled on—particularly those issues on which appellant has placed the most stress. A detailed discussion of the principal issues

is also presented in a supplemental brief filed in the cause.

■ Appellants assert that the trial court failed to submit the doctrine of res ipsa loquitur. Since the record reveals no single act of negligence on the part of the appellee and the fire in issue was of undetermined origin as revealed by the uncontroverted evidence, the trial court did not err in refusing to submit an issue as to the doctrine of res ipsa loquitur. Davis v. Castile, Tex.Com.App., 257 S.W. 870; National Hotel Co. v. Motley, Tex.Civ.App., 123 S.W.2d 461; Gulf Refining Co. v. Delavan, 5 Cir., 203 F.2d 769; 30-B Tex.Jur. 392; Ward v. Wallace, Tex.Civ.App., 175 S.W.2d 611.

■ Appellants' principal contention as to error of the trial court is that the court accepted the verdict of the jury containing three irreconcilable, conflicting, separate findings of sole proximate cause. The supplemental brief also discusses this issue in detail. As admitted in appellants' supplemental brief, it is difficult to ascertain the exact nature of appellants' complaint as set forth in their original brief as to the error in submission of the issues or as to the supposed conflict in the findings of proximate cause. An examination of the record reveals no error of any materiality as to appellants' contention that the jury verdict in answer to Issues 9, 10 and 11 contains "three (3) irreconcilable, conflicting, separate findings of sole proximate cause". The jury's answer to Issue No. 9 is a finding that Bray failed to construct a substantial fire wall between the Bray Building and the Texas Mercantile, Inc. warehouse. The jury in answer to Issue No. 10 found that Bray constructed the Bray Building, or a part thereof, out of materials nonresistant to fire. Issue No. 11 is merely a combination of the two elements shown in Issues No. 9 and 10. Issue No. 10 as to whether Bray constructed the building, or a part thereof, out of materials nonresistant to fire is merely an evidentiary issue on the same subject matter as Issue No. 9. A substantial fire wall would necessarily be one constructed of material resistant to fire. Therefore, Issues No. 9, 10 and 11

deal with the same subject and consist merely of one ultimate issue and evidentiary issues on the same subject and are not irreconcilable and conflicting. Even appellants admit in their supplemental brief that "The other special issues of which we are here complaining were of the same import." Whether the failure of Bray to construct a firewall constituted negligence is not material to this cause of action since the uncontroverted evidence established that the failure of Bray to erect a substantial fire wall between the buildings was the sole proximate cause of the damage to appellants. 65 C.J.S., Negligence, § 111, p. 692. Further, when the jury absolved the appellee of any negligence, Issues 9, 10 and 11 as to appellant Bray's contributory negligence became immaterial. Smith v. Morgan, Tex.Civ. App., 235 S.W.2d 938, Syl. 7; Vol. 36A, Texas Digest, Trial, ▮▮▮▮▮

▮▮▮ A supplemental brief was filed in the cause by the Honorable W. N. Stokes, a retired justice of this Court. This brief discusses principally the above issue. An examination of such brief reveals that appellants seek a reversal of the cause on the proposition that the submission of the issues as to the failure to erect a fire wall led the jury to believe that a duty rested upon Bray to erect a fire wall and that thereby the members of the jury were so influenced and prejudiced as to find for appellee on the eight separate issues submitted as to whether appellee was negligent. On this issue, an examination of the record of some four hundred pages reveals that the jury returned the only correct verdict possible under the evidence presented in the cause. The jury was not prejudiced but was clearly motivated by the evidence which wholly supported appellee's cause. If the record is not wholly devoid of any evidence contrary to the jury findings, it is certainly a correct proposition that the jury verdict is supported by the overwhelming weight and preponderance of the evidence in this record.

The supplemental brief states that the evidence reveals the wall in issue was of brick and tile construction. This reference was to the wall in issue that crumbled and permitted the fire to enter the Bray Building. An examination of Plaintiffs' Exhibit 2–C, appellants here, does reveal that the wall in issue between appellant Bray's building and the building rented by appellee was of tile and brick construction as testified to by Bray. However, it is likewise apparent from the same exhibit that the bottom portion of the wall consists of several courses of hollow tile with courses of brick on the top of such tile sections. The supplemental brief wholly overlooks the fact that Ray Parks who was in partnership with Bray at the time of the erection of the Bray Building testified as to the type of construction of the west wall of the Bray Building: "It was tile." This testimony of one of the partners who was interested in the type of construction of the Bray Building should be conclusive but it is further corroborated by the Fire Chief of the City of Amarillo who testified in the cause as well as other witnesses familiar with the facts. The type of construction of the wall is particularly pertinent in that the Fire Chief's testimony reveals that the sole cause of the spread of the fire to the Bray Building was the tile wall between the Bray Building and the building occupied by the appellee. The fact that the spread of the fire was due to the collapse of the tile wall between the buildings is further established by evidence that the building west of and adjoining the building occupied by appellee was not damaged by the fire in that there was a brick fire wall between it and the building which burned.

The supplemental brief further attempts to make an issue of the fact that there is no evidence that Bray even constructed the wall in issue. The record reveals that the wall of the building occupied by appellee had been constructed for a long period of time while the Bray Building was erected in 1949. An examination of the record and appellants' photographic exhibits presents an issue, at least, that Bray did not construct the tile wall between his property and that occupied by the appellee. The evidence and exhibits raise a reasonable presumption that Bray merely placed the ceiling joists of his building on the tile wall of

the building adjoining his lot and as occupied by the appellee. The joint wall is the hollow tile as described by appellant Bray's former partner, the Fire Chief and others. Bray also placed a second floor upon his building extending above the original tile wall and apparently wholly sustained on the west by the hollow tile wall. Issue No. 9 as submitted by the trial court is as follows:

"Do you find from the preponderance of the evidence that Clyde E. Bray failed to construct a substantial fire wall between the Bray Building and the Texas Mercantile warehouse building extending the entire length of the Bray Building?"

If, as is vigorously contended in the supplemental brief, Bray did not build the original hollow tile wall but merely placed the ceiling joists of his building thereon and tied into the wall, he certainly failed to construct a substantial fire wall between his building and that of the Texas Mercantile, Inc. as was found by the jury in the cause. It is not a reasonable assumption that merely because Bray tied his building into the old tile wall of the Texas Mercantile, Inc. building that the jury under such fact incorrectly found that Bray failed to construct a substantial fire wall between the Bray Building and the Texas Mercantile, Inc. warehouse building. Further, in view of the flimsy construction of the Bray Building as revealed by the record, the hollow tile wall sustaining the roof of both buildings in issue as well as a second floor addition to the Bray Building, it is a fact and a sound presumption from the evidence that the hollow tile wall should have been reinforced with brick before the ceiling joists of the Bray Building were placed thereon and tied into the same. The above facts should be a sufficient answer to the theory of the supplemental brief that Bray did not construct the hollow tile wall which was the cause of his damage and that this fact alone should wholly refute to the jury finding discussed above. The record reveals that if Bray did not construct the hollow tile wall that he did wholly fail to reinforce the same with a substantial fire wall when he used the same as the west

wall of his building. The fact that Bray may not have constructed the hollow tile wall between his building and that occupied by appellee is no answer to the issue of whether he failed "to construct a substantial fire wall" between the two buildings.

The testimony presented to the jury fully supports the position of appellee and the record does not support appellants' theory that the submission of the issues as to whether Bray built a substantial fire wall between his building and that occupied by appellee so prejudiced the jury that they answered eight issues as to appellee's negligence in favor of the appellee.

■ Both the original brief and the supplemental brief also discuss in detail the theory that an explosion blew through the tile wall and was the sole cause of the damage to Bray. First, this explosion issue is based wholly on appellants' theory that it was caused by appellee's negligent storage of combustible merchandise. The record reveals no such negligent storage existed and this was so found by the jury. Although Bray testified in the trial of the cause as to an explosion and that such was the cause of the destruction of the tile wall, his deposition as taken in the cause reveals his statement that the wall "caved in". Corroborating this deposition testimony of Bray is the testimony of the Fire Chief of the City of Amarillo that when water is thrown on a hot tile wall that the same will crumble and disintegrate. Bray attempted to testify that no water was thrown on the wall and that the explosion was the sole cause of the wall crumbling. But it is noted that Bray testified in the trial of the cause as to the debris in his building:

"A. When I say debris, I mean brick and stone and mortar and merchandise, cigarette lighter fluid and other things—just general merchandise and debris *floated* through this hole in the wall.

"Q. Merchandise from next door— A. Of course, we wasn't expecting that. It happened pretty fast. *That is about all I remember about the observa-*

*tion of the fire from the inside of the building.* I got out of there." (Italics added.)

It is obvious from Bray's own testimony in the trial of the cause that the tile wall did disintegrate from the heat when subjected to water and that merchandise and other debris *floated* through the hole in the wall at the time Bray was leaving the building at the inception of the fire in his building. (Italics added.)

The supplemental brief cites a large number of cases from other jurisdictions and states that the law of England could be quoted to sustain the proposition that a party is not bound to use his property in anticipation of a situation arising which because of the negligence of someone else may cause him damage. A Texas case illustrative of the proposition is discussed in the supplemental brief wherein a railroad company was sued for the negligent injury of a child. The engine of the company emitted sparks which set fire to the bedclothes on a bed where an infant was sleeping. The child was in a residence near the railroad. The railroad company alleged that the parents could have prevented the injury to the child by protecting the child from the sparks from its engine. The court ruled that the parents did not have to secrete the child in the home or so act as to protect the child from the negligence of the railroad company. It is recognized that this is a sound principle of law but it has no application to a situation as revealed by the record here where appellant has tied his building into a hollow tile wall of a building occupied by appellee and has wholly failed to erect a substantial fire wall as dictated by fire safety requirements. There is no evidence in the record that a fire wall between the buildings was required by the provisions of a city ordinance as to fire safety but it is noted that the Fire Chief of the City of Amarillo testified that had there been a "standard fire wall" it would have been a lot easier to have contained the fire in the building occupied by appellee. The record further reveals that such a brick fire wall did contain the fire in the building as to the property west of the same. But,

aside from any duty placed on Bray by city ordinance as to fire safety measures, it is a sound presumption from the facts of this record that an ordinarily prudent person would have erected a fireproof wall between the two buildings and particularly so when the wall in use was merely constructed in part of hollow tile.

Under the facts and circumstances of this cause as revealed by the record, it was not error to submit an issue as to whether Bray was negligent in failing to erect a substantial fire wall between the two buildings as such issue was pleaded by the appellee herein and was presented by the overwhelming preponderance of the evidence in the record. In any event, the submission of this issue and issues "of the same import" under the facts and circumstances of this record was not error of such nature as to cause any harm to appellant as asserted in appellants' supplemental brief.

The points presented by the appellants in the cause are overruled and the judgment of the trial court is affirmed.