Grover J. GIBBS, Appellant,

v.

J. D. RANDOLPH, Appellee.

No. 16579.

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1957.

**42**

Forrest Bowers, Huff & Splawn, Lubbock, Tex., Denzil Bevers, Amarillo, Tex., for appellant.

Tom S. Milam, Chas. C. Crenshaw, Sr., Crenshaw, Dupree & Milam, Lubbock, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

■ In their suit for damages sustained in an automobile collision, Mr. and Mrs. Gibbs sued Randolph for three principal claims: personal injuries sustained by each; as survivors, for conscious pain and suffering of their minor son, Martin Gibbs, prior to his death; and as statutory beneficiaries for their pecuniary loss for their son's death. As the case comes to us, the sole question is whether the trial court, on the basis of an express stipulation of the facts, erred in deducting from the amount ($3,495) adjudged due the plaintiffs the amount ($2,500) received by them from another alleged joint tortfeasor. The objection boils down to two points: (1) the stipulation, if usable, does not show that the payment was by another tortfeasor for the same injuries involved in this case; and (2) partial payment received from another was a partial or complete defense which, under Fed. Rules Civ.Proc. rules 8 and 12, 28 U.S. C.A. had to be pleaded affirmatively and the stipulation was not a trial by implied consent under F.R.Civ.P. 15(b).

■ The first is untenable for the stipulation [1] clearly stated that Mr. and Mrs. Gibbs had received from Willis, a third person whose cotton truck, without lights, was alleged to have been blocking Randolph's side of the road as he approached the Gibbs' car, the sum of $2,500 for the claims which they had for each of these injuries against Willis for this same collision. The reference to the claims for their own injuries, and for pecuniary loss for their son's death admittedly made these two claims identical with those in suit. Describing the third as their claim " * * * for the *injuries* sustained by Martin Gibbs * * * " just as certainly comprehended the claim for the son's conscious pain and suffering since, under Texas law, this is but one ingredient of damages for personal injuries, not an independent separable right of action.

■■ The second objection fares no better. From a substantive point of view, it was relevant under Texas law which, with others, holds that while there may be liability and recovery against many tortfeasors for the common wrong, there may be but one satisfaction, Bradshaw v. Baylor University, Tex.Com.App., opinion approved, 126 Tex. 99, 84 S.W.2d 703; McMullen v. Coleman, Tex.Civ.App., 135 S.W.2d 776; Gattegno v. The Parisian, Tex. Com.App. holding approved, 53 S.W.2d 1005, 1008; City of Amarillo v. Copeland, 5 Cir., 218 F.2d 49, and hence amounts received from one must be credited on a judgment against another.

■■ We need not determine whether this was an affirmative defense re-

1. The judgment paraphrases the stipulation:

"It was further stipulated in open Court that Grover J. Gibbs and wife had been paid the sum of $2,500.00 by the liability insurer of Gail Willis, and that such payment had been made to Grover J. Gibbs and wife, for the claim which they had for the injuries sustained by Martin Gibbs, the death of Martin Gibbs and the injuries sustained by Grover J. Gibbs and his wife, and that such payment was made to the plaintiffs for the claims which the plaintiffs had against Gail Willis arising from the same collision and accident as involved in this cause."

quiring an affirmative pleading, F.R.Civ. P. 8(c), 12(h). If it was not, the stipulated facts, under Texas law, would compel the credit without more. If it was, then such a stipulation, described as a " * * * confessory pleading * * * a * * * ceremonial * * * judicial admission * * * " IX Wigmore on Evidence, Sec. 2588, p. 586, if not itself an amendment to the pleading was at least the equivalent of the receipt of the evidence made unnecessary by the stipulation. This was an amendment by the express or implied consent, F.R.Civ.P. 15(b) of the stipulating parties, neither of whom put any reservations or restrictions on the use or significance of the stipulation. Under F.R.Civ.P. 15(b) the pleadings are deemed conformed whether formally amended or not.

Affirmed.