Origen C. HALL, Appellant,

v.

NATIONAL SUPPLY COMPANY and C.
J. Overby and W. H. Bland, d/b/a Service Drilling Co., Appellees.

No. 17598.

United States Court of Appeals
Fifth Circuit.

Sept. 18, 1959.

Tom Sneed, Waverly, Ohio, and John J. Watts, Odessa, Tex., for appellant.

Henry D. Akin, Hobert Price, W. M. Taylor, Jr., Leachman, Gardere, Akin & Porter, Dallas, Tex., for appellee, National Supply Co.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

**380**

CAMERON, Circuit Judge.

The main questions to be resolved by this appeal are whether, under the facts, the district court erred in refusing to present in its charge to the jury the doctrines of "last clear chance" and *res ipsa loquitur* as requested by appellant. Involved also is the question whether the trial court erred in admitting over objection evidence that appellant and National's driver were drinking intoxicants prior to the accident and in granting leave to appellee Service to supplement its answer to charge such drinking in order to conform to the proof.

At the conclusion of all of the evidence, appellant Hall (plaintiff below) requested of the court special jury instructions on the above two doctrines, which requests were denied. Upon a finding by the jury for appellees National Supply Company and Service Drilling Co. (defendants below), the appellant prosecutes this appeal.

On March 4, 1954, a drilling rig truck owned by appellees Bland and Overby, doing business as Service Drilling Company, a partnership, operated by one Harrison, a servant of that firm, proceeding east along New Mexico State Road 83, was involved in a collision with an automobile owned by appellee National Supply Company, driven by Clingan, an employee of that Pennsylvania corporation. Appellant Hall, a guest in the latter vehicle, sustained injuries as a result of the collision on which this action was brought against the two named firms.

The salient facts developed in the evidence follow: The accident occurred after dark. As the two vehicles came into view of each other from opposite directions on a straight road the headlights of each were on high beam. The driver of the Service truck flipped his lights to low beam as a courtesy to the driver of the approaching National automobile and as a request that the lights of this vehicle be reduced to low beam. The initial request being unheeded, the truck driver repeated the signal several times by switching his lights from dim to bright and back to dim. As the vehicles reached a point quite close to each other, the driver of the Service truck switched his lights from dim to bright for the last time. It was plaintiff's idea that the bright truck lights at this close range so blinded the driver of the National automobile that he allowed his right front wheel to drop off of the road onto the caliche and sand shoulder approximately one and one-half inches below the level of the road; and that, in attempting to regain the highway surface, the driver of National's car turned his wheels sharply to the left so that the automobile darted back onto the highway, across the right lane and more than three feet into the left lane, there striking the left rear portion of the trailer of the Service truck with such force as to knock its rear wheels, axle and springs completely loose from the truck. The impact demolished almost completely the left side of the automobile and knocked both occupants unconscious and seriously injured them.

In his complaints, the plaintiff had set forth, in meticulous detail, the negligence of each of the defendants upon which he intended to rely for recovery; and, by his own testimony and that of Eugene Harrison, Service's driver (introduced by deposition), he covered all of his allegations of negligence. By Harrison, he introduced a sketch of the road where the collision occurred and a number of photographs in addition to the important measurements which had been made by a Sergeant of the New Mexico State Police with Harrison's assistance. After the court had denied the motions of the respective defendants for directed verdicts, Harrison was placed upon the witness stand and examined in the presence of the jury, along with Sergeant Smith of the State Police, and Harold Moore, who was riding in the cab of the Service truck. Both sides had made inadequate and unsuccessful efforts to produce Harold Clingan, driver of National's car as a witness.

The court and the jury nevertheless had before them a complete picture of the collision and what every participant and witness was doing when it occurred and during the period immediately preceding.

The court delivered an exhaustive charge in which it covered with minute care all of the allegations of negligence and the law applying to them. The jury found all of the issues against plaintiff, and he has not included in his appeal the claim that its verdict was not supported by the evidence.

Instead, plaintiff contends that the court below should have submitted to the jury his requested instructions presenting, as to each defendant, the doctrine of *res ipsa loquitur*, claiming that he was entitled to have the jury consider that the mere happening of the accident raised the presumption that one or both of the defendants were guilty of negligence. He cites in support of his position a number of authorities, mostly cases from Texas courts.[1] We do not find these cases convincing authority for appellant as applied to the facts of the case before us. Each of them presents one or more of the elements necessary to warrant application of the doctrine as will be discussed *infra*; but the situations there presented are not like the one before us. The cases listed in 30 B Texas Jurisprudence, Negligence, § 148, pp. 391–392,[2] furnish examples of the classes of cases to which the doctrine is generally applied.

■ The authorities relied upon by appellees, e. g., Thomason v. Ulmer, Tex. Civ.App.1954, 274 S.W.2d 103, 105, and the Delavan case from this Court,[3] demonstrate the inapplicability of the doctrine here. Necessity arising from the absence of evidence is a prime base for the rule. "The doctrine of *res ipsa loquitur* has no application where all the facts and circumstances appear in evidence. Nothing is then left to inference and the necessity for the doctrine does not exist. Being a rule of necessity, it must be invoked only where evidence is absent and not readily available. It is not to be invoked when the evidence is available and certainly not when it is actually presented. Nor has it any application where the cause of the accident is known and is not in question * * *." American Jurisprudence so states the rule.[4] As to the quoted language, the Court of Civil Appeals of Texas in Whitehead v. Montgomery, 1950, 228 S.W.2d 196, 200, using words of similar import, stated: "This holding by our Texas court is substantially the same rule as found in 38 Amer. Jur., Sec. 303, p. 999."

■ There is no absence of evidence here. True, Clingan, the driver of National's automobile, did not testify, but there is no showing that he was not readily available and his absence was not of material consequence in determining the application of *res ipsa*. The failure of National to have him present and put him on the stand placed in plaintiff's hand a strong weapon for arguing that his testimony would have been damaging to his employer. Such a consideration relates to the question of whether National was negligent and plaintiff has not appealed from the jury's finding on that question. The point is that the facts here were before the jury, and it was not

---

1. Renshaw v. Countess, Tex.Civ.App.1956, 289 S.W.2d 621; Keystone-Fleming Transport, Inc. v. City of Tahoka, Tex. Civ.App.1954, 277 S.W.2d 202, err. dis.; Wichita Falls Traction Co. v. Elliott, 1935, 125 Tex. 248, 81 S.W.2d 659, 665; Dallas Railway & Terminal Co. v. Clayton, Tex.Civ.App.1954, 274 S.W.2d 422, writ ref. n. r. e.; Honea v. Coca Cola Bottling Co., 1944, 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445; and Gulf Refining Co. v. Delavan, 5 Cir., 1953, 203 F.2d 769.

2. Appellant's citation is "Tex.Jur. 802–803, Sec. 129." We are unable to locate this citation, but *res ipsa loquitur* is treated in Texas Jurisprudence at the point referred to in the text *supra*. A glance down the list of annotations will show the kinds of accidents to which the doctrine is most generally applied, *viz.* train accidents, loss of a bailee's property, livestock injured in transit, window screen falling, goods damaged by water while in possession of carrier, plaster falling from ceiling, water escaping from upper floor, objects falling from buildings, explosions, collapse of chair, explosion of mud and of kerosene water heater, fire damage, blasting, explosion of beverage bottle, etc.

3. 203 F.2d 769, 771.

4. 38 Am.Jur., Negligence, § 303, p. 999.

proper to invoke the presumption raised by *res ipsa*.[5]

■ Plaintiff has no better standing in his contention that the jury should have been instructed at his instance that it might find Service negligent under the doctrine of last clear chance. There is no evidence in the record upon which a finding could have been rested. Undisputedly, the Service truck was being driven at a speed of from forty-five to fifty miles per hour, that it was a large, heavy truck, quite unmaneuverable; that the National automobile was being driven at a speed between sixty and eighty miles per hour, and that not more than two hundred feet separated the two vehicles when the first intimation of danger was given to the truck driver. Using the lowest estimated speed, the two vehicles were hurtling towards each other at a combined rate of more than one hundred and five miles per hour so that the gap between them was being closed at the rate of approximately one hundred eighty feet per second. Without dispute, the truck driver promptly began angling his ponderous vehicle towards the shoulder of the road on his side, which, doubtless, accounted for the fact that the automobile was not driven into the front end of the truck. It plainly is not within the realm of probability that, within the interval of slightly more than one second, the truck driver could have reacted to the impending danger and could have taken any effective action to prevent the collision. The court below did not com-mit error in declining to submit an instruction on last clear chance to the jury, as there was no evidence upon which it could arrive at any verdict with any more substantial base than conjecture or speculation. This Court has discussed this problem in the recent cases of Deitz v. Greyhound Corporation, 5 Cir., 1956, 234 F.2d 327, and Illinois Central Railroad Co. v. Underwood, 5 Cir., 1956, 235 F.2d 868. See also Hartford Fire Ins. Co. v. Horne, 1959, 65 N.M. 440, 338 P.2d 1067; and Mulberg v. Mason and Dixon Lines, 2 Cir., 1946, 157 F.2d 805; Turner v. Texas Co., 1942, 138 Tex. 380, 159 S.W.2d 112; Phoenix Refining Co. v. Morgan, Tex.Civ.App.1944, 178 S.W.2d 175.

■ The remaining point made by appellant is that the trial court erred in permitting appellee Service to supplement its pleadings after the conclusion of the evidence to include the charge that appellant and National's driver had been drinking intoxicating liquor prior to the accident.[6] Hall, himself, had opened the question of drinking early in his testimony.[7] When he was cross examined, he repeated that he hadn't had anything to drink that day, and no objection was made to the question. When he was asked if it wasn't regular procedure for him and National's representative to carry a bottle of whiskey in the car, objection was made, and the court ruled that Hall could be asked whether or not he was a drinking man. He replied that it was not a regular custom of his to

5. Other essential elements of a showing justifying the application of the doctrine are absence of direct evidence of negligence, proof that the injury complained of was caused by an instrument in the control of the defendant, a showing that the accident would not happen in the ordinary course of things if those in control of the instrument exercised ordinary care, etc., cf. 65 C.J.S. Negligence § 220 (8), p. 1010; Ray v. United States, 5 Cir., 1955, 228 F.2d 574; Leroy v. Texas Gulf Sulphur Co., Tex.Civ.App.1951, 309 S.W.2d 550; Alagood v. Coca Cola Bottling Co., Tex.Civ.App.1940, 135 S.W.2d 1056; and International Creosoting &

Construction Co. v. Daniel, Tex.Civ.App. 1938, 114 S.W.2d 393.

6. "Point No. Two. The Honorable Trial Court erred in permitting the appellees to prove and plead affirmatively by way of trial amendment the issue of intoxication on the part of the appellant over the protest of appellant, after the conclusion of the evidence."

7. "Q. Now, had you been drinking before that accident? A. No, sir.
"Q. Do you know whether or not the driver had? A. No, sir. I do not.
"Q. Did he appear to be drinking or did you detect anything? A. No, sir. I didn't detect anything. * * *"

drink with customers on whom he called. A partially filled bottle of whiskey was found in the back seat of the car after the accident, but the court declined to permit its introduction in evidence.

Plaintiff also repeated on cross examination that he had not had a drink all day and knew nothing of a bottle of whiskey being in the back seat of the car and stated also that he had not been at a cocktail lounge or bar in Artesia, a nearby town. He also used the deposition of Dr. Taylor and proved by him that when he saw plaintiff at the hospital, he detected no odor of intoxicating liquor on him.

Harrison, driver of Service truck, and Moore, his passenger, and Smith, the State policeman, testified that they smelled whiskey on plaintiff's breath immediately following the accident, and Smith stated that Hall told him the following day that he and Clingan had had a couple of drinks at the Artesia Hotel prior to the accident. Hall denied making any such statement to the investigating policemen. Plaintiff's point relates both to the admissibility of the evidence concerning drinking and the allowance of the amendment to conform to that evidence. As to the former, since plaintiff introduced the question, it is clear that his adversaries would have the right to contradict the testimony he had given. 31 C.J.S. Evidence § 190, p. 913; Krider et ux. v. Hempftling, Tex.Civ.App.1940, 137 S.W.2d 83; Heald v. Milburn, 7 Cir., 1942, 125 F.2d 8.

As to the allowance of the amendment, it is the genius of Rule 15, F.R. Civ.P., 28 U.S.C.A., that the court should follow a course of "strong liberality * * * in allowing amendments."[8] "Allowance of amendments lies in the discretion of the trial court, and refusal to permit amendment is not subject to review on appeal except for abuse of discretion."[9]

It is clear, moreover, that the issue of intoxication was tried by express or implied consent of the parties so as to come within the explicit language of Rule 15 (b) F.R.Civ.P.[10]

We think that, in any event, the allowance of the amendment and the general handling of the question of intoxication by the court below was well within its discretion. Cf. Schiller v. Rice, 1952, 151 Tex. 116, 246 S.W.2d 607.

Finding no merit in the points relied upon by appellant for reversal, the judgment of the lower court is

Affirmed.

---

8. See Moore's Federal Practice, 2d Ed., p. 828.

9. Ib. p. 833, and cf. Gibbs v. Randolph, 5 Cir., 1957, 250 F.2d 41; Weil Clothing Company, Inc. v. Glasser, ib., 5 Cir., 1954, 213 F.2d 296; Copeland Motor Co. v. General Motors Corp., ib., 5 Cir., 1952, 199 F.2d 566; and W. C. Shepherd Co., Inc. v. Royal Indemnity Co., ib., 5 Cir., 1951, 192 F.2d 710.

10. The court below so understood the situation, stating, "A few minutes ago Mr. Watts, attorney for the plaintiff, consented that Mr. Taylor could file a trial amendment," and the attorney responded, "No, that's what I said that I guess we tried it by consent. I got to thinking about the trial, and I remembered that the reason I did not object was because Mr. Porter on each and every occasion had objected and there wasn't any necessity for my hurting myself with the jury by making the same objection that you already had overruled for Mr. Porter, so I contend that we didn't try the issue by consent and he is not entitled to this submission of that issue." The court further stated in permitting the amendment that the plaintiff had first raised the question of intoxication and had made no objection when he was cross examined on the subject.