THE SCHUHMACHER COMPANY V. PAUL B. HOLCOMB ET AL.

No. 8193. Decided February 9, 1944.
Rehearing overruled March 8, 1944.
(177 S. W., 2d Series, 951.)

*Dan Moody,* of Austin, for petitioner.

It was error for the Court of Civil Appeals to hold that the trial court properly refused to submit to the jury the defenses that the plaintiff Holcomb negligently failed to keep his brakes in good working order and that he was negligently driving on the left side of the highway, and also in holding that such issues were purely negative. Dallas Ry. & Ter. Co. v. Goss, 144 S. W. (2d) 591; El Paso Elec. Co. v. Leeper, 60 S. W. (2d) 187; Williams v. Rodocker, 84 S. W. (2d) 556; Waggoner v Simmons, 117 S. W. (2d) 553.

*Looney & Clark* and *Everett L. Looney,* all of Austin, for respondents.

MR. JUDGE HICKMAN, of the Commission of Apeals, delivered the opinion for the Court.

Paul B. Holcomb, for himself and as next friend of his minor daughter, Maurine Holcomb, sued petitioner, the Schuhmacher Company, for damages for injuries sustained as the result of a collision between the automobile in which the Holcombs were riding and a truck belonging to petitioner and being operated by one of its employees. In response to special issues the jury found that the collision and resulting injuries were proximately caused by the negligence of petitioner's driver (a), in driving the truck down the middle of the bridge where the collision occurred rather than on the right-hand side thereof, and (b), in failing to keep a proper lookout prior to and at the time of the collision. In answer to other special issues the jury found that Holcomb, the driver of the automobile, was negligent in certain particulars, hereafter to be set out, which acts of negligence were also proximate causes, but not sole proximate causes, of the injuries. Upon the verdict judgment was rendered denying any recovery to Mr. Holcomb, but awarding to his daughter, Maurine Holcomb, a recovery of $500.00. The petitioner appealed from that portion of the judgment awarding a recovery to Maurine Holcomb, but Paul B. Holcomb did not appeal. In the Court of Civil Appeals the case was affirmed, 174 S. W. (2d) 637.

■ One of the main contentions presented in this court is that the Court of Civil Appeals erred in holding that, as a matter of law, the negligence of Paul B. Holcomb, the driver of the automobile, was not attributable to his daughter, Maurine Holcomb, under the doctrine of joint enterprise. The opinion of the Court of Civil Appeals discusses that question at some length. We have considered that opinion in the light of the application for writ of error and have concluded that it correctly disposes of this question upon grounds heretofore sanctioned by this court in the authorities cited and we therefore approve that holding without writing further upon the question. The evidence does not raise the fact issue that Maurine Holcomb was engaged in a joint enterprise with the father. She was his guest.

The petitioner requested the trial court to submit special issues relating to the contributory negligence of Paul B. Holcomb; (1) in failing "to have the brakes on said automobile in good working order," and (2) "in causing his automobile to move to and upon his left-hand side of the highway," together with the related issues of negligence, proximate cause and sole proximate cause. Of the special issues requested, the issues with which we are concerned are those submitting the question of sole proximate cause. This is true for the reason that Paul B.

Holcomb was denied recovery upon other findings of the jury that his negligence was a proximate cause of the collision, which judgment has become final, and under the holding above made that Maurine Holcomb was not engaged in a joint enterprise with her father, only a finding that her father's negligence was the sole proximate cause of her injuries would preclude her from recovery against the petitioner.

In order to understand the background which the trial court based its ruling refusing to submit the requested issues this brief statement will be made: The truck belonging to petitioner was being driven north across a bridge spanning the Colorado river near Columbus, Texas. Mr. Holcomb, accompanied by his wife and daughter, was driving south on a paved highway approaching the bridge. It was a rainy day and the pavement was very slick. Holcomb testified that as he approached the bridge he discovered that the truck was being driven down the center thereof and not on the driver's right-hand side. Fearing that he could not drive his car between the truck and the railing of the bridge Mr. Holcomb, just before reaching the bridge, turned his car toward the right and applied his brakes and as a result the car went into a skid and struck a guard-rail to the approach. It was completely out of his control as it came upon the bridge and skidded in an angling direction down the bridge for a few feet before coming into collision with the truck. Upon these facts the trial court submitted to the jury special issues relating to the contributory negligence of Holcomb in three respects: (1). In driving his automobile at a dangerous rate of speed under the circumstances then and there existing; (2) in failing to keep his automobile under proper control, and (3) in the manner of his application of the brakes immediately prior to the collision. In answer to these issues the jury found that the automobile was not being driven at a dangerous rate of speed, but that Holcomb did fail to keep his automobile under proper control and that he applied the brakes in a negligent manner immediately prior to the collision. Each of these two negligent acts was found to be a proximate cause of the injuries, but each was found not to be the sole proximate cause thereof.

■ One of the grounds upon which the Court of Civil Appeals based its ruling that there was no error in refusing to submit the requested special issues was that the issues of sole proximate cause were but negative issues, since the jury had already found that positive acts of negligence on the part of the driver of the truck caused the collision. We are not in agreement with that holding. The conditions as they existed at the time the charge was given and not after the verdict control. A de-

fendant is entitled to an affirmative submission of his defensive issues and a finding on issues submitted is not a finding on issues not submitted. Colorado & S. R. Co. v. Rowe (Com. App.), 238 S. W 908; Montrief & Montrief v. Bragg (Com. App.), 2 S. W. (2d) 276; 41 Tex. Jur. pp. 1115 et seq. Sec. 280.

■ Another ground upon which the Court of Civil Appeals based its ruling on this question was that petitioner had the court submit the issue of unavoidable accident; that such issue was based upon the same alleged acts of negligence as was the issue of sole proximate cause, and that, where both of such issues are raised by the same pleadings or evidence the court may properly submit either issue, but not both of them, because the party relying upon them would not be entitled to slice two defenses from precisely the same facts. We are not in agreement with that holding. It was the position of the petitioner that it was not negligent, but that Holcomb's acts of negligence proximately caused the collision and resulting injuries. It did not claim that any act of negligence on the part of Holcomb raised the issue of unavoidable accident, but that, if Holcomb was not negligent, then neither party was negligent and therefore the issue of unavoidable accident was raised. A party is permitted to urge alternative, and even inconsistent defenses.

■ There is a ground, however, on which the judgment of the Court of Civil Appeals should be affirmed, and that is that the requested issues were substantially covered by the issues submitted in the main charge. As above noted, the jury found that Holcomb was negligent in failing to keep his automobile under proper control; that such negligence was a proximate cause of the collision and injuries, but was not the sole proximate cause thereof. The only evidence that Holcomb caused his automobile "to move to and upon his left-hand side of the highway" was the evidence showing that he lost control of his car and it skidded onto the left-hand side. The finding that his failure to keep his automobile under proper control was not the sole proximate cause of the injuries includes the finding that his causing the automobile to move to and upon his left-hand side of the highway was not the sole proximate cause of the injuries.

The same conclusion is reached with reference to the requested issue of whether or not the failure of Holcomb to have the brakes on his automobile in good working order was the sole proximate cause of the injuries. The evidence with reference to his failure in this regard is extremely meager. But indulging the doubtful assumption that the issue was raised, it does not follow that the requested issues should have been submitted. The

result of Holcomb's failure to have the brakes in good working order was that he lost control of his car. In submitting the issue of whether loss of control was the sole proximate cause the charge did not confine the jury to a consideration of any particular cause of the loss of control, but the issue covered loss of control from any and all causes, which includes defective brakes. It is beside the point to argue that, had the brakes been in good condition, Holcomb might have stopped his car and thus have prevented the collision. On the issue of sole proximate cause the question is not, what would have happened if the brakes had been in good order, but rather is it, what happened because they were not in good order. The only possible thing suggested is that it caused the drived to lose control of his automobile. The jury has found that the loss of control was not the sole proximate cause. That finding includes the finding that the defective condition of the brakes was not the sole proximate cause under the facts surrounding this occurrence. We have concluded that the trial court fairly submitted the controlling issues raised by the pleadings and evidence, as provided in Rule 279, Rules of Civil Procedure.

The judgments. below are both affirmed.

Opinion adopted by the Supreme Court February 9, 1944.

Rehearing overruled March 8, 1944.