**Frank D. BURNETT, Appellant,**

v.

**Paul F. RUTLEDGE et al., Appellees.**

No. 6531.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 21, 1955.

Rehearing Denied Dec. 19, 1955.

Campbell & Brock, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, and Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

MARTIN, Justice.

Appellant, Frank D. Burnett, while employed by Roberts Well Service, was injured when a member of the crew raised the mast of an oil well cleaning unit into an electric wire belonging to Rogers & Rutledge. This wire, approximately 25' above the ground at the point of contact with the mast, furnished electric power to operate a pumping unit on an oil well owned by appellees, Rogers & Rutledge. Appellee, Southwestern Public Service Company, was supplying the electricity to the Rogers & Rutledge lease from the company line on a take-off pole located approximately 500' east of the well where appellant was injured.

Texas Employers' Insurance Association intervened in the cause asserting its right of recoupment pursuant to Section 6a of Art. 8307, Texas Civil Statutes, it having paid workmen's compensation benefits to the appellant.

The jury exonerated each of the appellees from any negligence and, based upon the jury verdict, the court entered judgment that appellant take nothing. Appellant perfected an appeal and presents nine points of error. The points will be discussed in numerical order with such facts as may be necessary to a disposition of the issues.

Appellant's first point of error is that the trial court erred in requesting the jury to deliver their unsigned verdict to him and thereafter instructed the jury that they could return a verdict duly signed without answering Special Issue No. 73 as to the damages sustained by appellant. As reflected by the court's qualification on appellant's bill of exception, the record reveals that, after several hours deliberation, the jury through its foreman handed the court a note of inquiry. The following matters then transpired between the court and jury: "I have your note here, gentlemen, 'Can we turn this in without Special Issue No. 73 without being answered?' The answer is 'Yes', gentlemen, Take the charge and go back to the jury room and decide whether this is your verdict, or not, and then report." Following this the jury promptly returned with the verdict signed.

Rule 286, Vernon's Annotated Texas Rules provides:

"After having retired, the jury may receive further instructions · of the court touching any matter of law, either at their request or upon the court's own motion."

Under this rule, the trial court may examine the verdict of the jury and may even point out conflicts and return the case to the jury for further consideration. Traders & General Ins. Co. v. Carlile, Tex. Com.App., 138 Tex. 523, 161 S.W.2d 484. It follows that the trial court did not err in examining the unsigned verdict as asserted by appellants. Nor can the verdict be correctly termed a "work sheet" as defined by appellant. Since the court's examination of the verdict revealed that the jury had answered all questions favorably to appellees, other than the issue of damages, no harm could have resulted to appellant by the court permitting the return of the verdict without the issue of damages being answered. Although it would have been better procedure for the trial court merely to have instructed the jury to follow the court's instructions as outlined in the charge, no harm accrued to the appellant by the action of the trial court. Ross v. Texas Employers' Ins. Ass'n, Tex. Sup., 267 S.W.2d 541. Further, as to this issue, appellant did not object to the action of the court in looking at the verdict of the jury, made no motion for a mistrial and after the verdict was filed, it was accepted and no objection made. Appellant could not stand by and seek to benefit by the verdict and thereafter assert error when the same was found to be against him. Colls v. Price's Creameries, Inc., Tex.Civ.App., 244 S.W.2d 900. Appellant's first point of error is overruled.

■ Appellant's second point of error asserts the trial court erred in allowing six peremptory challenges to each of the appellees. Appellant's third point of error is upon the same issue. The appellant alleged separate acts of negligence on the part of the appellee well-owners and on the part of the appellee public service company. Appellees, Rogers & Rutledge, also sought recovery against Southwestern Public Service Company as well as asking for contribution. Appellee, Southwestern Public Service Company, sought the same type of relief against Rogers & Rutledge. There is no showing in the record that appellant was required to accept an objectionable juror in the cause by reason of the challenges exercised by the appellees.

"Antagonism of interest, however, entitles co-parties to separate sets of challenges." 26 Tex.Jur., p. 669, Section 101; Edwards v. West Texas Hospital, Inc., Tex.Civ.App., 107 S.W. 2d 729; St. Louis, S. F. & T. Ry. Co. v. Rutland, Tex.Com.App., 292 S.W. 182; Texas Employers' Insurance Association v. Baker, Tex.Civ.App., 278 S.W.2d 419, Syl. 12 and cases there cited.

Appellant's second and third points of error are overruled.

■■ Appellant's fourth point of error asserts the trial court should have granted his motion for a mistrial as well as a motion for a new trial because of misconduct of the jury "in that the undisputed evidence was that the jury in answering the issues of negligence used the Electric Code offered in evidence by the defendants and thus · required the plaintiff to prove by a preponderance of the evidence that the defendants had violated the Electric Code rather than requiring plaintiff to prove * * * that the defendants failed to exercise ordinary care and prudence of an ordinarily prudent person." This point of error is stated to be germane to Paragraph Nine of appellant's motion for a new trial which Paragraph Nine asserts that the jury entered into an agreement that plaintiff should not recover and answered the issues accordingly. It is thus apparent that Point Four has no basis in appellant's motion for a new trial. But, the trial court found that no agreement was made and the evidence, at the most, is conflicting on even the issue asserted in appellant's Point Four. An examination of the quotation from the evidence as found in appellant's brief re-

veals that the evidence supports the trial court's overruling appellant's motion for a new trial as based on jury misconduct even considering the issue under appellant's fourth point as being raised in such motion. The examination of Herman Edwards, a juror in the cause, reveals the following evidence on the issue asserted in appellant's point:

"Q. And you reached this general agreement, though, that you would have to be bound by the code book, is that it?

"A. Yes, sir. * * * *

"A. Well, we decided that the only way we could answer that question would be to base our opinion on what the evidence would show."

Since the evidence in the cause presents the issue that the electric installation was wholly in compliance with the electric code, which was a recognized standard of installation, the juror's statement as above quoted constitutes no more than a statement that the jury would have to base its answers to the issues according to the evidence. Upon conflicting evidence, the judgment of the trial court is final as to whether misconduct occurred. Rule 327, Vernon's Annotated Texas Rules of Civil Procedure; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. Appellant's fourth point of error is overruled.

Appellant's fifth point of error presents the most involved issue in the cause and the parties have submitted both original and reply briefs on this point. Appellant, without objection, elicited from a well supervisor employed by appellee, Paul F. Rutledge, that such employee had the wire broken by appellant's employer repaired by Texas Electric Company. This evidence was inadmissible. Roosth & Genecov Production Co., Inc., v. White, 152 Tex. 619, 262 S.W.2d 99, Syl. 5-7. As rebuttal of this evidence, over the objection of appellant, it was elicited from Rutledge on direct testimony, that appellant's employer, the Roberts Well Servicing, had paid for the repairing of the broken wire. The appellant asserts by his fifth point of error that the admission of this testimony of Rutledge was error. It is recognized that there is authority for the proposition:

"The party who first introduces improper evidence cannot object to the admission of evidence from the adverse party relating to the same matter." 31 C.J.S., Evidence, § 190, pages 913–914, Note 70, and Texas cases cited thereunder.

Appellees cite authorities on this proposition. The Supreme Court of Texas resolved this issue in Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S. W.2d 379, 382, [4–6]:

"The fact that inadmissible testimony of one party is admitted without objection does not authorize the other party, by way of rebuttal, to put in inadmissible testimony over timely and proper objection."

Under the rule in the preceding paragraph, the trial court erred in admitting the testimony of Rutledge as rebuttal evidence but the error was harmless under the provisions of Rules 434 and 503, Vernon's Texas Rules of Civil Procedure. The testimony of appellee's supervisor that he had the broken wire repaired following the accident tends as much to place responsibility for the breaking of the wire on appellant as does the testimony as to payment for its repair tends to place responsibility for breaking of the wire upon appellant's employer. Further, the evidence is uncontroverted that the agent of appellant's employer in raising the mast actually caused the breaking of the wire. The fact that appellant's employer paid for the repair of the wire could be interpreted merely as revealing that appellant's employer recognized that his employee broke the wire. If the jury drew any inference from the evidence in issue they must have presumed from the evidence that appellee's supervisor promptly had the wire repaired because such supervisor believed his employer was responsible for

the wire breaking. This is particularly emphasized since the undisputed evidence reveals that appellant's employer actually broke the wire. The testimony as originally adduced by appellant himself was more harmful to appellees than any possible harm that could have accrued to appellant by rebuttal testimony on the issue. Further, in the light of the record revealing that appellees had fully complied with the law as to the installation of all electrical wires, to-wit: Art. 1436a, Vernon's Annotated Civil Statutes as well as the National Electrical Safety Code, it would require a far-fetched deduction to rule that the many findings of the jury exonerating appellees from any negligence in the cause arose solely out of this one element of rebuttal testimony. The error is harmless and will not work a reversal of the cause and particularly so since the testimony had its inception in appellant's improper cross-examination of the supervisor employed by appellee, Rutledge. Dallas Railway & Terminal Co. v. Bailey, supra, Syl. 7. Appellant's fifth point of error is overruled.

 Appellant's sixth point of error alleges that the trial court erred in excluding proper testimony as to changes in the electrical installation following appellant's accident and injury. Appellant's sixth point does not reflect error as the evidence reveals that the changes in electrical installation were made by Stanolind Oil & Gas Company after it bought the lease subsequent to appellant's injury thereon. Any evidence as to changes in the electrical installation as made by a third party following the accident would not be admissible to bind the appellees. Roosth & Genecov Production Co., Inc., v. White, supra; 17 Tex.Jur. 565, Evidence, Section 234.

 Appellant's seventh point of error asserts the court erred in submitting to the jury Special Issues Nos. 59 and 68 with reference to whether "the act of Roberts Well Service in hoisting the pole into the electric wires was the sole proximate cause of plaintiff's injuries, since the acts or negligence of Roberts Well Service can-

not be attributed to the plaintiff and are not an alibi, excuse or defense, and since further the undisputed evidence established that defendants' act and negligence in creating the danger necessarily operated and concurred with the act and negligence of Roberts Well Service". In ruling upon this point, it must be borne in mind that:

"The conditions as they existed at the time the charge was given and not after the verdict control." Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951, 953, [3-5].

The appellees each pleaded as a defense that the accident was solely, proximately caused by a third person. Evidence was presented that appellees were wholly without negligence in regard to the accident and the evidence further reveals that a member of the crew of which appellant was an employee were warned to watch out for the electrical lines. Appellant's own witness testified that after the accident the rig was moved to the east side of the well and did the job safely and that appellant's employer, Roberts Well Service, decided where to set up and how to do the cleaning job. The record reveals that appellees were not negligent in the installation of the electric wires. The record reveals evidence that the sole proximate cause of the injury to appellant was his employer's act in raising the mast of the servicing equipment into the electrical wire. The evidence will not be detailed but both the pleadings and the evidence of appellees raise the issue of sole proximate cause and the issue was properly submitted to the jury under the rulings in Schuhmacher Co. v. Holcomb, supra. Further, the trial court submitted numerous issues inquiring as to various acts of negligence on the part of appellees and also submitted an issue as to whether the act of the well servicing company in raising the mast into the electrical wires constituted a new and independent cause. Under Schuhmacher Co. v. Holcomb, supra, the parties are permitted to assert alternative and even inconsistent defenses. The trial court did not err in submitting the issue of sole proximate cause

and appellant's seventh point of error is overruled.

■ Appellant's eighth and ninth points of error assert that the verdict of the jury presented conflicts which prevent a judgment for either party. It would not be feasible to review here all 73 special issues in the cause but an examination of the verdict reveals that the jury found appellees were not guilty of any negligence. Examining the jury issues particularly in the light of Part Five of appellant's ninth point of error reveals that the jury found under Special Issue No. 59 that the raising of the mast of said pulling unit while said unit was under or near the electric line at the time and on the occasion in question was the sole proximate cause of the accident. Of like import is Issue No. 68 other than as to the line. Under Special Issue No. 61, the jury found that the action of Harold Riddell in raising the mast of said pulling unit *while plaintiff was holding onto a chain attached to said mast* was not the sole proximate cause of the accident. Special Issue No. 61 makes no reference to the electric line. The jury absolved appellant, Frank D. Burnett, of any negligence whatsoever in the cause and also found the raising of the mast "under or near the electric line" was the sole proximate cause of appellant's injury. It follows that consistent with such finding the jury likewise found that appellant's holding on to the chain attached to said mast was not a constituent element of sole proximate cause. Summarizing, if the sole proximate cause of appellant's injury was the act of raising the mast "while said unit was under or near the electric line" then the sole proximate cause of appellant's injury was not the act of raising the mast of the pulling unit while plaintiff was holding onto a chain attached to said mast. Appellant's points of error as to conflict in the jury verdict are accordingly overruled. Appellant's ninth point of error asserting conflict in the jury's verdict should also be overruled because the alleged errors of jury misconduct were not properly raised in appellant's motion for a new trial following such jury verdict. Rule 322, Vernon's Texas Rules of Civil Procedure; Bauguss v. Bauguss, Tex.Civ.App., 186 S.W.2d 384; Traders & General Ins. Co. v. May, Tex.Civ.App., 168 S.W.2d 267, at page 270; Smith v. Morgan, Tex.Civ.App., 235 S.W.2d 938; Bray v. Texas Mercantile, Inc., Tex.Civ.App., 279 S.W.2d 623; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

■ In the light of the issues raised as to conflicts in the jury verdict, it must be observed that the jury found appellees were not negligent under numerous issues submitted to them. Such findings are not only pertinent to the issue of conflict in the jury verdict but as to the other issues in appellant's brief. The evidence reveals, without controversy, that the appellee, Southwestern Public Service Company, performed no act other than to deliver the electricity on the lease. The delivery of the electricity was effected by delivering the same to a take-off pole 495' from the well and the appellees, Rogers & Rutledge, built their own transmission line from this pole to the well. The evidence is likewise uncontroverted that the entire installation, both by Southwestern Public Service Company and Rogers & Rutledge, was in strict compliance with the laws of Texas and with the National Electrical Safety Code. Since the undisputed evidence reveals that the entire electrical installation met all requirements of the law and of the Electrical Safety Code, it is difficult to perceive under the particular facts of this cause how any issue as to negligence of the appellees was made for presentation to the jury. In the absence of any negligence, appellees would be entitled to an instructed verdict and errors in submission, if any existed, would not be material. However, it is unnecessary to rule on such issue as the jury found appellees were not guilty of any negligence in the cause of action.

The judgment of the trial court is affirmed.