**J. R. SHIFLETT, Appellant,**

v.

**BENNETT PRINTING CO. et al., Appellees.**

No. 3665.

Court of Civil Appeals of Texas.

Waco.

Dec. 2, 1959.

John B. Wilson, Jr., Dallas, for appellant.

Touchstone, Bernays & Johnston, Dallas, for appellees.

WILSON, Justice.

In this rear-end collision case the jury returned answers favorable to defendants on all liability issues submitted, including proper lookout, proper control, speed, failure to turn, driving too close, emergency, unavoidable accident and agency of the driver.

Appellant attacks these answers as being against the great weight and preponderance of the evidence. We have carefully examined the record in connection with these contentions, and the points are overruled.

Appellant complains of refusal to submit his requested issues inquiring as to the driver's alleged failure to apply his brakes so as to avoid the collision. Appel-

lant alleged failure to have appellees' vehicle under proper control. This issue was submitted and found in appellees' favor. Appellant did not object to the submission. Although the court might have been justified in omitting the proper control issue had he submitted that of alleged failure to apply the brakes along with the other issues (Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; Blaugrund v. Gish, 142 Tex. 579, 179 S.W.2d 266), it was not error to refuse the issue on application of brakes which was included in the proper control issue submitted without objection. Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951.

The verdict fixed past and future medical and hospital expenses at $2,500; but the jury answered that appellant's wife sustained no damages for pain, suffering or loss of earnings as a result of her injuries. The court instructed the jury to exclude damages resulting from pre-existing injuries reflected by the evidence. Appellant's complaints as to these findings are overruled. The evidence showed prior injuries, previous pain, pre-existing osteo-arthritis and degenerative condition. There was also evidence which would have supported a finding of extensive pain and suffering resulting from the collision. Circumstances in evidence and the record as a whole made the credibilty of the witnesses, the weight of the evidence and the determination of whether injuries of consequence were sustained in the accident, questions for the jury. Under the record, we cannot say the answers of the jury indicate improper motive. Under the findings on the liability issues, since the record will not justify an assumption of prejudice or improper influence inducing the answers, the damage issue becomes immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334; Milburn v. Blum, Tex.Civ.App., 302 S.W.2d 671, 673. Appellant's other points have been considered and are overruled. Affirmed.