302

George EDWARDS, Appellant,

v.

Jack F. FOWLER et al., Appellees.

No. 6593.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 24, 1963.

Rehearing Denied Dec. 11, 1963.

Carl Waldman, Beaumont, for appellant.

Strong, Pipkin, Strong & Nelson, Keith, Mehaffy & Weber, Beaumont, for appellees.

McNEILL, Justice.

This suit for damages arises out of a collision occurring just south of the intersection of Gladys and Mariposa Streets in Beaumont, between a panel truck owned by Jack F. Fowler and driven by his employee, Howard James Cullings, and a Chevrolet automobile owned and driven by the plaintiff, George Edwards. The action was brought by plaintiff against Fowler, his employee Cullings, and Beaumont City Lines.

Cullings stopped his employer's truck on Mariposa Street headed in a northerly direction at said intersection in response to a red traffic light. The streets were each about 30 ft. wide. Shortly thereafter the plaintiff brought his car to a stop behind Cullings' vehicle, likewise headed north on Mariposa. Thereafter, a bus owned by Beaumont City Lines and driven by its employee, Carleton, which had been traveling east on Gladys Street, proceeded to make a right turn onto Mariposa from Gladys on a green light. As the bus turned right at the intersection and headed south on Mariposa, Cullings backed up his panel truck to permit the bus to have more room to make its turn. When Cullings backed his panel truck, he struck the front end of plaintiff's car stopped behind him. This impact is claimed to have caused plaintiff's injuries and damages.

On the trial of the case the jury returned a verdict finding that none of the defendants were guilty of negligence proximately causing the collision; and that the collision was the result of an unavoidable accident. Upon this verdict judgment was rendered that plaintiff take nothing. He has appealed and since the parties occupy the same relative positions here as in the trial court, they will be referred to as there described.

Plaintiff urges four points of error to reverse the judgment against him. All of the complaints made are based upon the refusal to submit his specially requested issues. In passing upon these questions we must view the situation as it existed at the time the charge was given, not after the verdict was returned. Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951. The first point asserts the trial court erred in failing to give plaintiff's specially requested issues, whether the bus driver on the occasion in question, failed to keep a proper lookout, and the subsidiary issue of proximate cause. The evidence fails to raise the primary issue. The bus driver saw both the panel truck and plaintiff's car stopped behind it at all times as the bus turned the corner and proceeded south on Mariposa. The bus was making "a plain, old, ordinary bus turn, and in the plain, old, ordinary way.". It hit nothing and nobody, and its changing position at no time created danger of doing so. The point is without merit. Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448.

Plaintiff's second point urges the court erred in failing to submit the specially requested issues, whether the bus driver failed to warn plaintiff that the bus was about to make a turn on the occasion in question, whether such failure was negligence, and whether it was a proximate cause of the accident. It was shown that at the time the bus was executing a turn to the right off of Gladys onto Mariposa the panel truck was stopped on its right side of Mariposa some 6 ft. south of the Gladys Street

line and that plaintiff's car had stopped about a car's length behind the truck and about a foot or two farther from the street's center line than the truck. The bus was traveling slowly as it executed the turn and was never at any time in danger of striking the panel truck. There was testimony that the front end of the bus, as it turned the corner, extended over onto the east side of Mariposa. As the bus turned, the driver of the panel truck, Cullings, as an act of courtesy, backed the truck up. He did this, not that it appeared the bus would likely strike his truck, but for the reason that he thought unless he did so the bus could not complete its turn and proceed southwardly along Mariposa. The facts show without dispute that Cullings saw the bus as it came around the corner; hence, any signal from the bus driver would have added nothing as far as Cullings was concerned. Testimony, however, shows that the plaintiff in the car behind him did not see the bus. He said, "I wasn't paying attention. I was watching, trying to peep around his truck." He stated that he was planning to make a right hand turn onto Gladys and that he was therefore looking to the right of the panel truck. There was testimony that the panel truck backed up rapidly. Could the bus driver have reasonably foreseen that the operation of his bus would probably cause the driver of the panel truck to so back it up and strike the car behind it? To do so, one would have to assume that Cullings, the truck driver, would back up without ascertaining whether a vehicle was in close proximity behind him; that the driver of the car was inattentive to the situation; and, that the truck would be backed up rapidly, without warning plaintiff thereof, and thereby causing damage. When these circumstances are considered, we think, as matter of law, the bus driver should not be held to have reasonably anticipated or foreseen that this event or similar one would occur as a natural and probable result of his behavior on the occasion involved. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560; Jackson v.

Schoenmann, Tex.Civ.App., 94 S.W.2d 225; 30 Tex.Jur. 676.

The third point asserts the trial court erred in refusing to submit plaintiff's special issue which inquired whether the bus driver failed to yield the right-of-way to plaintiff on the occasion in question and the subsidiary issues of negligence and proximate cause. It will be recalled that plaintiff's car had stopped behind the panel truck waiting for the traffic light at Mariposa and Gladys to turn green. The bus was traveling east and turned onto Mariposa going south. As it turned the corner, the operator of the panel truck, as a mere courtesy, backed up in order to give the bus a better clearance in the street. In backing up, the truck hit plaintiff's car, doing it damage. The bus executed its turn without hitting any object and without creating a condition from which it appeared a collision between it and another vehicle was imminent. As the truck struck plaintiff's car, the bus was going southwardly in its own right lane. The issue requested was whether the bus operator failed to yield the right-of-way to plaintiff, not whether the bus operator failed to yield the right-of-way to the driver of the panel truck stopped immediately ahead of plaintiff. No evidence raised the issue whether the bus operator failed to yield the right-of-way to plaintiff, for as to plaintiff's car, the bus was never in the wrong lane. The issue was properly refused.

This last issue was correctly refused for another reason. The court submitted the issue, whether the bus operator failed to maintain proper control of the bus. The jury found that he did maintain proper control. The term "proper control" is one general in nature and under varying circumstances may mean somewhat different things. See Holly v. Bluebonnet Express Co., Tex.Civ.App., 275 S.W.2d 737, 740. Under the circumstances here, we think the issue of proper control also involved the question whether the bus opera-

tor failed to yield the right-of-way. Schuhmacher Co. v. Holcomb, Tex.Civ.App., 174 S.W.2d 637; affirmed, 142 Tex. 332, 177 S.W.2d 951.

■ We desire to mention a matter of briefing. Counterpoints of the Bus Co. assert that the court did not err in refusing to give each of the requested issues for three separate reasons—first, because there was no evidence to raise the issue; second, because there was insufficient evidence to justify the submission of such issue; and, third, because any affirmative finding thereto would have been contrary to the overwhelming weight and preponderance of the evidence. The second and third counterpoints under each issue are inappropriate to the questions involved. It was long ago held that where there is evidence upon an issue which amounts to more than a scintilla it is the trial court's duty to submit the decision of the issue to the jury. The reason for this is stated in Choate v. San Antonio & A. P. Ry. Co., 90 Tex. 82, 36 S.W. 247, 37 S.W. 319. See also Harpold v. Moss, 101 Tex. 540, 109 S.W. 928; Gulf, Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933, 937; Wood v. American Security Life Ins. Co., Tex.Civ.App., 304 S.W.2d 559, 565. So, although the evidence may be insufficient to support a certain finding to an issue or the finding may be against the great weight and preponderance of the evidence, nevertheless, the trial court is required, in the first instance, if there is some evidence raising the issue to submit it for the jury to resolve.

■ Plaintiff's last point is directed to that part of his suit against the truck owner, Fowler, and his operator, Cullings. The point asserts the court erred in failing to give his requested issue inquiring whether the driver of the panel truck failed to have it under proper control. The court submitted issues of excessive rate of speed and the accompanying issues of negligence and proximate cause; failure to maintain a proper lookout, along with the accompanying issues of negligence and proximate cause and failure to warn plaintiff of his intention to back up with accompanying issues of negligence and proximate cause. Since the court submitted these various specific phases of conduct and driving on the part of defendant Fowler's driver, a general issue as to control would be a duplication and should not have been submitted. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266.

The judgment is affirmed.