**Jose HERRERA, Appellant,**

v.

**BALMORHEA FEEDERS, INC. and Leo Portillo, Appellees.**

No. 6485.

Court of Civil Appeals of Texas, El Paso.

June 9, 1976.

Rehearing Denied July 28, 1976.

Warren Burnett, Associated, William (Ruff) Ahders, Richard J. Clarkson, Odessa, for appellant.

McMahon, Cox, Todd, Tidwell & Locke, Jack Q. Tidwell, Odessa, Richard D. Naylor, Pecos, for appellees.

## OPINION

OSBORN, Justice.

The Appellant complains of the entry of judgment for Appellees in the trial Court in a personal injury case where, under the instructions given, the jury did not answer the primary issue on negligence and proximate cause. We affirm.

The facts concerning the accident made the basis of this suit are for the most part undisputed. The Appellant, a twenty-eight year old man, went to work for J & J Farms, Inc. in Reeves County about November 1, 1973. His job was to shovel grain into an auger from which it was carried to mixers, and then outside the building into trucks for delivery to feed lots. Although the record contains evidence of a metal grate covering the auger, there is no dispute but that there was no grate over the auger on November 23, 1973, when the accident occurred.

Mr. Herrera testified that on that morning, while he was in the bathroom, his shovel was carried by the flow of grain into the auger, where the shovel handle became stuck, stopping the movement of the auger. He was trying to pull the shovel out when he fell into the auger. Before he could extricate himself, the auger was started again, causing injuries which resulted in the amputation of his leg above the knee.

Mr. Portillo, a truck driver for Balmorhea Feeders, Inc., drove to the J & J Farms, Inc. feed barn on the morning in question, and without looking inside to determine that the auger was clear, activated a switch which started the auger while Mr. Herrera still had one leg caught in it.

Mr. McMahon, an owner and operator of J & J Farms, Inc., testified that the grate was maintained over the auger all the time in order to prevent people from falling into the hole where the auger was located. He did not know why it was off on November 23rd. Mr. Herrera said the grate was not kept over the auger during the time he worked for J & J Farms, Inc.

In answer to Special Issue No. 3, the jury found damages in the amount of $50,000.00. Special Issue No. 1, which was not answered, was as follows:

"Which of the following parties or both from a preponderance of the evidence committed an act of negligence on the occasion in question which was a proximate cause of the accident in question?

  a. Leo Portillo

  b. Jose Herrera

  c. Both

    ANSWER____"

In Issue No. 2, the jury was to find the percentage of negligence attributable to each person only if Issue No. 1 was answered "Both." In an instruction preceding the issues, the Court instructed the jury as follows:

"If you believe therefore from a preponderance of the evidence that, by acts or omissions, J & J Farms, Inc., its agents, servants and employees, failed to provide

a reasonably safe place to work for Jose Herrera, and if you further find by a preponderance of the evidence that such failure, if any, was the sole proximate cause of the accident in question, then you should not find that any other person proximately caused the accident in question."

The Appellant made no objections to the Court's charge. The Appellees objected specifically to Special Issue No. 1 because it did not contain an answer for "neither," which was urged in view of the sole proximate cause instruction. When the verdict was returned, neither party objected, the verdict was received and filed, and the jury discharged. A few days later, Appellant filed a motion for mistrial, urging that the verdict was incomplete. Appellees filed a motion for judgment which was granted and a take nothing judgment was entered.

The Appellant presents six points of error, all attacking the judgment based upon what is contended to be an incomplete verdict without findings which support a judgment for Appellees.

The problem in this case arises from the holding in *Yarbrough v. Berner*, 467 S.W.2d 188 (Tex.1971), and the subsequent amendment to Rule 277, Tex.R.Civ.P., which prohibits inferential rebuttal issues. Nevertheless, it has long been the rule that sole proximate cause, based upon the acts or conduct of a third party, is a viable defense in negligence cases. *Northern Texas Traction Co. v. Woodall*, 299 S.W. 220 (Tex. Comm'n App.1927, holding approved). *Schuhmacher Co. v. Holcomb*, 142 Tex. 332, 177 S.W.2d 951 (1944).

The same principle has been applied as to other inferential rebuttal issues. See *Blanton v. E & L Transport Co.*, 146 Tex. 377, 207 S.W.2d 368 (1948), and *Schuhmacher Co. v. Holcomb*, supra, as to unavoidable accident; and *Dallas Ry. & Terminal Co. v. Young*, 155 S.W.2d 414 (Tex.Civ.App.— Eastland 1941, writ ref'd), and *Garner v. Prescott*, 234 S.W.2d 704 (Tex.Civ.App.— Eastland 1950, no writ), as to sudden emergency.

Even after its order in May, 1973, amending Rule 277 so as to prohibit the use of inferential rebuttal issues, the Texas Supreme Court noted that a contention that "the occurrence was proximately caused solely by something other than the defendant's acts or omissions rebuts that particular defendant's liability." *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87 (Tex. 1973).

Mr. McMahon testified with regard to this particular auger and grate, prior to the accident, as follows:

"Q. Mr. McMahon, both Defendants' Exhibits 1 and 2 show a grate that is over that hole. What is the purpose of that grate being there?

"A. Well, it's put there to prevent accidents, to keep people from falling in the hole.

"Q. Does that grate stay there all of the time?

"A. Yes, sir.

"Q. Are you aware of any time in November of 1973 that that grate was not on that hole?

"A. Not to my knowledge.

"Q. Did you ever see the grate not on the hole?

"A. No, sir."

\*　　\*　　\*　　\*　　\*　　\*

"Q. How heavy is that grate?

"A. It probably weighs between two and three hundred pounds, I imagine.

"Q. Are the sprockets of it close enough together—or the pieces of steel—to where a person's foot could not go through that hole?

"A. Yes, sir."

With regard to the grate after the accident, he said:

"Q. And did you see the place where he was hurt?

"A. Yes, sir.

"Q. Where was the grate at that time?

"A. Laying to one side."

We believe this evidence raised the issue covered by the Court's instruction on sole proximate cause, particularly since Appellees only had to raise the issue and the

burden was on Appellant to rebut it, although in this case the instruction did, in fact, place the burden on the Appellees.

The instruction given was not objected as being a general charge as was done in *Pittsburgh Coca-Cola Bottling Works v. Ponder*, 443 S.W.2d 546 (Tex.1969). Neither was there an objection that it was a comment on the weight of evidence. Under Rule 277 such objections are probably no longer valid. The instruction in this case not having advised the jury as to the effect of its application was not objectionable from that standpoint and obviously would be helpful to the jury with regard to the defense raised under the recited evidence. See Pope and Lowerre, Revised Rule 277—A Better Special Verdict System For Texas, 27 Sw.L.J. 577, at 589 (1973).

■ The Courts having long recognized the sole proximate cause defense, but now having determined not to submit any issue to the jury, obviously, if any meaningful instruction is to be given, the jury must be able to apply it and follow the instruction. There is no indication in this case that there was a hung jury, and the verdict was received by the Court and counsel without objection as being an incomplete verdict. The only basis for no answer to Special Issue No. 1 is that the jury believed that the conduct of J & J Farms, Inc. was the sole proximate cause of the accident, and since we presume that the jury properly followed the Court's charge, it was obligated to leave Special Issue No. 1 unanswered. Such conclusion is strengthened by the Special Issue itself which, erroneously, but without objection, presumed that the negligence of Portillo or Herrera, or their combined negligence, proximately caused the accident in question. The jury had to overcome such presumption in order for Special Issue No. 1 to be left unanswered under the sole proximate cause instruction.

A very similar issue is found in *Members Mutual Insurance Company v. Muckelroy*, 523 S.W.2d 77 (Tex.Civ.App.—Houston (1st Dist.) 1975, writ ref'd n. r. e.). Apparently no complaint was made about the Court presuming negligence upon the parties in that case either. If under such an issue, the jury concludes that the plaintiff has not met the burden of proof to establish defendant's negligence by a preponderance of the evidence, how do they record that finding? The same question prevails as to the defendant's burden on the plaintiff's negligence. A similar question can be raised where they both fail to meet their burden of proof under the evidence.

■ But where the Court presumes negligence upon the part of the participants to the action, does not advise the jury of their right to determine that there has been a failure to meet the burden of proof as to negligence or proximate cause, and only instructs the jury that they cannot find proximate cause on the part of one of the participants if they find sole proximate cause from the conduct of a third party, then in that case the failure to answer can have but one meaning under the Court's charge and that is that the jury concluded that the conduct of the third party was the sole proximate cause of the accident in question. In such a case, Rule 295, Tex.R. Civ.P., with regard to a defective verdict is not applicable. That Rule provides:

" * * * If it (the verdict) is not responsive to the issue submitted, or contains conflicting findings, the court shall call the jury's attention thereto in writing and send them back for further deliberation."

In this case, there was no conflicting finding and it cannot be said that the failure to answer Special Issue No. 1 was not responsive, because the Court had previously instructed the jury not to answer if they found sole proximate cause upon the part of J & J Farms, Inc. Since there is no indication of a hung jury in this case, we have given the Court's charge the only interpretation that can be given to it under the instruction and issue as submitted. Even if it could be determined that the jury finding is ambiguous or unclear, we still would be under a duty to try to interpret the jury finding so as to uphold the trial Court's judgment. *First Federal Savings & Loan Association of Dallas v. Sharp*, 359 S.W.2d

902 (Tex.1962). That has been done in this case. But to prevent a reoccurrence of this and other problems which must necessarily arise where the Court presumes negligence, as it did in the issue in this case and in the issue in the *Muckelroy* case, we believe that it is preferable to submit each act or omission as to each party separately with a provision for both an affirmative and a negative answer. See 1 Texas Pattern Jury Charges, 1973 Cum.Supp., 11, 15–20.

 The Committee on Pattern Jury Charges has suggested a rather abstract statement of the law where sole proximate cause is raised. 1 Texas Pattern Jury Charges, 1973 Cum.Supp., PJC 3.04. In *Deviney v. McLendon*, 496 S.W.2d 161 (Tex. Civ.App.—Beaumont 1973, writ ref'd n. r. e.), Justice Keith said: " * * * Counsel, in his argument to the jury, must so present his case as to make the law contained in the charge applicable to the facts of the case." We believe the following is also true. The Court, in its charge to the jury, must so present its charge as to make the law contained in the charge applicable to the facts in the case. That, the trial Judge did in this case without objection from Appellant. The verdict was received without objection. We do not believe complaint can be made that such verdict was incomplete after the jury was discharged and the verdict filed. Any error could be corrected only before the jury was discharged. *Lewis v. Texas Employers' Insurance Ass'n.*, 151 Tex. 95, 246 S.W.2d 599 (1952). Thereafter, there may be a waiver of the right to complain. *Horn v. Atchison, Topeka and Santa Fe Railway Company*, 519 S.W.2d 894 (Tex.Civ. App.—Beaumont 1975, writ ref'd n. r. e.); *Bell v. Aetna Casualty and Surety Company*, 394 S.W.2d 830 (Tex.Civ.App.— Houston 1965, writ ref'd n. r. e.). To reach any other results permits Appellant to take advantage of Appellees' objection to the Court's charge that the answer "Neither" was not provided under the inferential rebuttal instruction. This he cannot do. *Texas Employers' Insurance Ass'n v. Neuman*, 379 S.W.2d 295 (Tex.1964). At the hearing on the motion for a new trial, counsel for Appellant said: "If it (the charge)

had been done properly, there would have been Subsection D to Question No. 1 to which the jury could have answered 'Neither' being construed as finding that third party was the cause of Plaintiff's injuries, if any." This suggestion came too late.

*Blanton v. E & L Transport Co.*, supra, upon which Appellant relies, was decided prior to the amendment to Rule 277 and is not applicable. In that case, the jury could have found negligence upon the part of the plaintiff and defendant which would have conflicted with findings of unavoidable accident and thus required a mistrial. *Bradford v. Arhelger*, 161 Tex. 427, 340 S.W.2d 772 (1960). Such was not possible under the charge in this case, where the jury had to find that the negligence of one of two participants, or the negligence of both, was a proximate cause, or make no answer if there was a sole proximate cause resulting from the conduct of a third party.

Appellant's points of error one through six are overruled. The judgment of the trial Court is affirmed.